IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DARRELL J. ROBINSON,** Individually, and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>-against-<br><br>**RAYTHEON TECHNICAL SERVICES COMPANY, L.L.C.** and **RAYTHEON COMPANY**<br><br>Defendants. | Civil Action No.:<br><br><br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff, **DARRELL J. ROBINSON**, individually and on behalf of all others similarly situated, by and through his attorneys, JTB LAW GROUP, L.L.C., and John Fink,Esq., and for his Class Action Complaint, alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1.  This is a class action brought by Plaintiff on behalf of employees of Defendants Raytheon Technical Services Company, L.L.C. and Raytheon Company ("Defendants") working in Kuwait.

2.  Plaintiff and similarly situated employees were not provided with all their contracted employment-related pay and other applicable benefits.

3.  Alternatively, Plaintiff and similarly situated employees allege they are entitled to relief via Massachusetts Choice of Laws applying the labor laws of the foreign state.

4.  Pursuant to the contract, this action must be brought in Massachusetts.

1

## PARTIES

5. At all relevant times herein, Plaintiff, Darrell J. Robinson was and is, a resident of Columbus, Georgia.

6. Plaintiff was employed by Defendants from May 2008 until June 2013 working at their location in Kuwait.

7. At all relevant times herein, Defendant, Raytheon Technical Services Corporation, L.L.C. ("Raytheon Technical") is a foreign business entity organized and existing under the laws of the State of Delaware, and is a wholly owned subsidiary of Defendant, Raytheon Company ("Raytheon"), a domestic business entity.

8. Raytheon Technical's principal place of business is located at 22265 Pacific Boulevard, Dulles, VA 20166. Raytheon's principal place of business is located at 870 Winter Street, Waltham, MA 02451.

9. Raytheon is a corporation publically traded on the NASDAQ Exchange.

10. Defendant Raytheon Technical is the alter ego and general agent of Defendant Raytheon in that Raytheon directs the internal affairs and daily operations of Raytheon Technical. Raytheon Technical is also known as Raytheon's Technical Services ("TS") division or Intelligence, Information and Services ("ISS") division.

11. According to Raytheon's 10-K filed with the Securities and Exchange Commission ("SEC") on or about July 25, 2013, the ISS division is "…headquartered in Dulles, Virginia, [and] provides a full range of technical and professional services to defense, federal, international and commercial customers worldwide."

12. According to its 2010 10-K filed with the SEC on or about December 31, 2010, "Key customers include all branches of the U.S. Armed forces, as well as the DHS, NASA, FAA,

Department of Energy, Defense Threat Reduction Agency (DTRA) and international governments."

## JURISDICITION

13. This court has jurisdiction pursuant to the diversity jurisdiction provision of 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000 exclusive of interest and costs, and is between citizens of different states.

14. Venue is proper in accordance with 28 U.S.C. 1391(b)(3).

15. Venue in the Commonwealth of Massachusetts is demanded by the Defendants pursuant to paragraph Q of its Memorandum of Understanding— Long Term Assignment ("MOU") with Plaintiff, dated May 1, 2011 (Exhibit A-MOU, May 1, 2011, p. 10).

16. The May 1, 2011 MOU reads in part, "The courts within the Commonwealth of Massachusetts in the United States, whether state or federal, shall have exclusive jurisdiction over disputes concerning this Agreement… Any legal action which is in any way connected with this Agreement or your employment by the Company must be instituted in such courts." (Id. p. 10).

## FACTUAL ALLEGATIONS

17. Plaintiff repeats and realleges all previous paragraphs, as if fully set forth herein.

18. Plaintiff began working for Defendants as a Functional Analyst in approximately May 2008 and rose to the position of Operations Manager in February 2010, which he held until July 2013.

19. According to the employment agreement, Plaintiff's base salary was supposed to be $3,531.20, paid bi-weekly, and based on a standard forty (40) hour work week schedule (Exhibit A, p 1).

20. The employment agreement also states that Plaintiff "…will be required to work a standard seventy-two (72) hour/seven (7) day work week and will receive straight-time pay…"(Exhibit A, p 1).

21. Furthermore, the agreement states that the base salary for a seventy-two (72) hour work week would be $6,356.16 (Id.).

22. Defendants agreed and consented to obey Kuwaiti law in regard to their employment of Plaintiff and similarly situated employees. (See Exhibit A p. 1, 3, Exhibit B—Amended Offer Letter p. 1-2).

23. Employees were required to follow Kuwaiti law in regard to their employment in the country, including obtaining visas, sponsorship and work authorizations, and Defendants required Plaintiff and similarly situated employees to obey local working hours, customs, and laws (See Exhibit A p. 1, 3, Exhibit B—Amended Offer Letter p. 1-2).

24. Under Massachusetts' Conflict of Law Doctrine, Kuwaiti Law applies.

25. According to Kuwait's "Law No.6 of 2010: Promulgation of Labor Law in the Private Sector" (Kuwaiti Law") Chapter 2, Article 10, a translation of which is attached hereto as Exhibit C, employers must obtain a permit in order to employ foreign employees (Exhibit C—Kuwaiti Law No. 6, p. 5, Exhibit D—Kuwaiti Law No. 6 (Arabic), p. 4).

26. Upon information and belief, all similarly situated employees working for Defendants in Kuwait had similar agreements and MOUs governing their compensation and choice of venue with Defendants, different only in minor ways, such as in the named supervisor and the rate of pay.

27. According to Article 66 of Kuwaiti Law, overtime is defined as working more than forty-eight (48) hours in a week, and an employee shall have the "…right to obtain a wage against the

4

overtime hours in a rate which is more than his ordinary rate in a similar period by 25%."(Exhibit C, p. 22, Exhibit D, p. 15).

28.     Upon information and belief, Plaintiff and similarly situated employees were required, and regularly did, work more than forty-eight (48) hours per week.

29.     Even after the Defendants sent Plaintiff a revised MOU stating that work weeks would now be forty-eight (48) hours, Plaintiff and similarly situated employees were required, and did continue to work seventy-two (72) hours or more per week. (See Exhibit A, p. 1).

30.     Upon information and belief, Plaintiff and similarly situated employees were not paid one and a quarter (1.25) their normal hourly rate for hours worked in excess of forty-eight (48) in a week.

31.     According to Article 64 of Kuwaiti Law, working hours are reduced to thirty-six (36) hours per week during the month of Ramadan as defined by the Islamic calendar. (Exhibit C p. 21, Exhibit D p. 14)

32.     Upon information and belief, Plaintiff and similarly situated employees were required and did work more than thirty-six (36) hours per week during the month of Ramadan.

33.     Upon information and belief, Plaintiff and similarly situated employees were not paid one and a quarter (1.25) their normal hourly rate for hours in excess of thirty-six (36) during the month of Ramadan.

34.     According to Article 68 of Kuwaiti Law, all employees are entitled to thirteen (13) fully-paid official holiday days per year (Exhibit C, p. 22-23, Exhibit D, p. 15-16).

35.     According to Article 68 of Kuwait Law, "In the event where the employee is required to work during any of the [official holidays], they will be entitled to double remuneration and an additional day off." (Id.)

36. Upon information and belief, Plaintiff and similarly situated employees did not receive all official holidays off, and when they did work, they were not granted double remuneration or additional days off.

37. According to Article 51 of Kuwaiti Law and Plaintiff and similarly situated employees' employment agreements, all employees are entitled to an end of service benefit. (Exhibit C, p 18, Exhibit A p. 2).

38. According to their contracts, Plaintiff and similarly situated employees are eligible for an end of service benefit "… equal to fifteen (15) days of remuneration (gross base salary + Hardship + Difficult to Staff + COLA [Cost of Living Allowance]) for each year of service in Kuwait employed under this contract on behalf of RTSC for years one (1) through five (5) and thirty (30) days of remuneration (gross base salary + Hardship + Difficult to Staff + COLA) for years six (6) and greater." (Exhibit A, p. 2)

39. According to Kuwaiti Law, Article 51, all employees are entitled to an end of service benefit (Exhibit C, p. 17, Exhibit D, p. 12).

40. Upon information and belief, Plaintiff and similarly situated employees were not paid their end of service benefits and/or had their end of service benefit miscalculated to their detriment.

41. According to Article 70 of Kuwaiti Law, Plaintiff and similarly situated employees are entitled to thirty (30) days of annual leave per year. (Exhibit C, p. 23, Exhibit D, p. 18)

42. Upon information and belief, Plaintiff and similarly situated employees did not receive thirty (30) days of annual leave per year.

## CLASS ACTION ALLEGATIONS

43. Plaintiff repeats and realleges all previous paragraphs, as if fully set forth herein.

44.     Plaintiff brings this action individually and on behalf of all similarly situated Raytheon Technical employees who were/are affected by Defendants' breach of contract and violations of Kuwaiti law.

45.     Plaintiff brings this action to recover monetary damages owed by Defendants to Plaintiff and members of the putative Class for damages.

46.     The Class is defined as follows:

   a. All current and former employees of Defendants, who worked in Kuwait from May 2008 until July 2013, and who:

      i. Were not paid one and a quarter (1.25) their normal hourly wages for all hours worked in a week in excess of forty eight (48);

      ii. Were not paid one and a quarter (1.25) their normal hourly wages for all hours worked in a week in excess of thirty-six (36) during the month of Ramadan;

      iii. Were not paid double remuneration and/or given an additional day off when working during the thirteen (13) official Kuwaiti holidays;

      iv. Were not paid end of service benefits, and/or

      v. Were not given at least thirty (30) days annual leave per year.

47.     This complaint is brought as a class action pursuant to the class action procedures of Rule 23(b)(3) of the Federal Rules of Civil Procedure.

48.     The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that at least thirty (30) putative class members

have worked for Defendants during the applicable statutory period, without receiving appropriate compensation as required under their contracts and by Kuwaiti law.

49.     This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominate over any questions affecting only individual members, including:

a. Whether Defendants are liable to Plaintiff and putative class members for not paying overtime for all hours worked in a week in excess of forty-eight (48) due to Defendants' breach of employment contracts;

b. Whether Defendants are liable to Plaintiff and putative class members for not paying overtime for all hours worked in a week in excess of forty-eight (48) under Kuwaiti Law;

c. Whether Defendants are liable to Plaintiff and putative class members for not paying overtime on all hours worked in a week in excess of thirty-six (36) during the month of Ramadan due to Defendants' breach of employment contracts;

d. Whether Defendants are liable to Plaintiff and putative class members for not paying overtime on all hours worked in a week in excess of thirty-six (36) during the month of Ramadan under Kuwaiti Law;

e. Whether Defendants are liable to Plaintiff and putative class members for double remuneration for all days worked during the thirteen (13) official Kuwaiti holidays due to Defendants' breach of employment contracts;

f. Whether Defendants are liable to Plaintiff and putative class members for double remuneration for all days worked during the thirteen (13) official Kuwaiti holidays under Kuwaiti Law;

    g. Whether Defendants are liable to Plaintiff and putative class members for payment of an additional day's wages for each day worked during the thirteen (13) official Kuwaiti holidays due to Defendants' breach of employment contracts;

    h. Whether Defendants are liable to Plaintiff and putative class members for payment of an additional day's wages for each day worked during the thirteen (13) official Kuwaiti holidays under Kuwaiti Law;

    i. Whether Defendants improperly calculated Plaintiff and putative class members' End of Service benefit under their employment contracts;

    j. Whether Defendants improperly calculated Plaintiff and putative class members' End of Service benefit under Kuwaiti law;

    k. Whether Defendants owe Plaintiff and putative class members additional remuneration for not providing at least thirty (30) days of annual leave per year.

50. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendants' standard policies and/or practices, as alleged herein. Like all Class members, Plaintiff was damaged by Defendants' system-wide policies and practices failing to pay proper remuneration for overtime, holiday pay, and end of service benefit and breaching Plaintiff and similarly situated employees' contracts and/or under Kuwaiti Law.

51. Plaintiff has no interests antagonistic to the interests of the other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

52. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

   a. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a classwide basis instead of on a repetitive individual basis;

   b. Despite the size of the individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

   c. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

53. Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

54. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents unpaid wages and related benefits claims of a type that have often been prosecuted on a classwide basis, and the manner of identifying the Class and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

55.     Plaintiff and the proposed members of the class demand a trial by jury.

## FIRST CLAIM FOR RELIEF

**(Class Claims for Breach of Contract)**

56.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

57.     Upon information and belief, Defendants agreed contractually to pay Plaintiff and putative class members according to Kuwaiti law.

58.     Defendants breached their contract with Plaintiff and similarly situated employees by refusing to obey Kuwaiti law.

59.     As a result of the breach of contract described herein, Plaintiff and putative class members are entitled to the following:

   a. All unpaid overtime for hours worked in a week in excess of forty-eight (48) at a rate of one and a quarter (1.25) their regular hourly rate;

   b. All unpaid overtime for hours worked in a week in excess of thirty-six (36) at a rate of one and a quarter (1.25) their regular hourly rate during the month of Ramadan;

   c. All unpaid double remuneration for all hours worked during the thirteen (13) official Kuwaiti holidays;

   d. All unpaid compensation for days worked during the thirteen (13) official Kuwaiti holidays for which employees did not receive another day off as required by law;

   e. All unpaid end of service benefit calculated in accordance with Plaintiff and similarly situated employees' contracts and MOUs.

## SECOND CLAIM FOR RELIEF

### (Class Action Claims for Violations of Kuwaiti Law)

60. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

61. Plaintiff and similarly situated employees were employed in the country of Kuwait during the applicable period of time.

62. Defendants were legally required to obey the laws of Kuwait, including its employment laws.

63. As a result of Defendants uniform policies and/or practices regarding payment of employees, Defendants willfully and uniformly violated the employment laws of the country of Kuwait, as described herein, failing to properly pay Plaintiff and similarly situated employees.

64. As a result of the violations of Kuwaiti law described herein, Plaintiff and putative class members are entitled to the following:

   a. All unpaid overtime for hours worked in a week in excess of forty-eight (48) at a rate of one and a quarter (1.25) their regular hourly rate;

   b. All unpaid overtime for hours worked in a week in excess of thirty-six (36) at a rate of one and a quarter (1.25) their regular hourly rate during the month of Ramadan;

   c. All unpaid double remuneration for all hours worked during the thirteen (13) official Kuwaiti holidays;

   d. All unpaid compensation for days worked during the thirteen (13) official Kuwaiti holidays for which employees did not receive another day off as required by law;

   e. All unpaid end of service benefit, calculated in accordance with Plaintiff and similarly situated employees' contracts and MOUs; and

    f. One additional day's wages for each day of annual leave that plaintiff and putative class members were entitled to take under Kuwaiti law.

## THIRD CLAIM FOR RELIEF

### (Individual Claim for Breach of Contract)

65. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

66. Upon information and belief, Defendants contractually agreed to pay Plaintiff according to Kuwaiti law.

67. Defendants breached their contract with Plaintiff by refusing to pay in conformity with Kuwaiti law.

68. As a result of the breach of contract described herein, Plaintiff is contractually entitled to the following:

    a. All unpaid overtime for hours worked in a week in excess of forty-eight (48) at a rate of one and a quarter (1.25) their regular hourly rate;

    b. All unpaid overtime for hours worked in a week in excess of thirty-six (36) at a rate of one and a quarter (1.25) their regular hourly rate during the month of Ramadan;

    c. All unpaid double remuneration for all hours worked during the thirteen (13) official Kuwaiti holidays;

    d. All unpaid compensation for days worked during the thirteen (13) official Kuwaiti holidays for which employees did not receive another day off as required by law;

    e. All unpaid end of service benefit, calculated in accordance with Plaintiff and similarly situated employees' contracts and MOUs.

## **FOURTH CLAIM FOR RELIEF**

### **(Individual Claim for Violation of Kuwaiti Law)**

69. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

70. Plaintiff was employed and worked exclusively in the country of Kuwait during the entire period of his employment.

71. Defendants were legally required to obey the laws of Kuwait, including its employment laws.

72. As a result of their uniform policies and/or practices regarding payment of employees, Defendants willfully and uniformly violated the employment laws of the country of Kuwait, as described herein, failing to properly pay Plaintiff.

73. As a result of the violations of Kuwaiti law described herein, Plaintiff is entitled to the following:

　　a. All unpaid overtime for hours worked in a week in excess of forty-eight (48) at a rate of one and a quarter (1.25) their regular hourly rate;

　　b. All unpaid overtime for hours worked in a week in excess of thirty-six (36) at a rate of one and a quarter (1.25) their regular hourly rate during the month of Ramadan;

　　c. All unpaid double remuneration for all hours worked during the thirteen (13) official Kuwaiti holidays;

　　d. All unpaid compensation for days worked during the thirteen (13) official Kuwaiti holidays for which employees did not receive another day off as required by law;

　　e. All unpaid end of service benefit, calculated in accordance with Plaintiff and similarly situated employees' contracts and MOUs; and

    f. One additional day's wages for each day of annual leave that plaintiff and putative class members were entitled to take under Kuwaiti law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants breached their contracts with Plaintiff and similarly situated employees.

B. A declaratory judgment that Defendants' uniform wage payment policy and practice violated Kuwaiti Law.

C. Certification of the Rule 23 Class Action for Defendants' breach of employment contracts and violation of Kuwaiti law.

D. An order directing Defendants to produce a list of all putative class members, including names, dates of employment, addresses, phone numbers, and email addresses.

E. An order allowing Plaintiff and similarly situated employees to notice potentially eligible putative class members regarding the litigation.

F. An order for injunctive relief, ordering Defendants to properly pay all employees currently working in Kuwait according to the law.

G. Judgment for damages for all unpaid overtime, at a rate of one and a quarter (1.25) Plaintiff and similarly situated employees' hourly rates for all hours worked in a week in excess of forty-eight (48).

H. Judgment for damages for all unpaid overtime, at a rate of one and a quarter (1.25) Plaintiff and similarly situated employees' hourly rates, for all hours worked in a week in excess of thirty-six (36) during the month of Ramadan.

I. Judgment for damages for all overtime compensation, at a rate of double (2) Plaintiff and similarly situated employees' hourly rates for all work performed during any of the thirteen official Kuwaiti holidays.

J. Judgment for damages for all days off that Plaintiff and similarly situated employees are owed for each day worked during the thirteen official Kuwaiti holidays.

K. Judgment for damages for all unpaid and/or improperly calculated end of service benefit pay owed to Plaintiff and similarly situated employees.

L. Judgment for one day's remuneration for each day of annual leave to which Plaintiff and similarly situated employees were entitled.

M. An order for an accounting, at Defendants' expense, of all hours worked by Plaintiff and similarly situated employees, specifying the specific dates and times worked and calculating the compensation due.

N. An order for an accounting, at Defendants' expense, properly calculating Plaintiff and similarly situated employees' end of service benefits.

O. An order directing Defendants to pay Plaintiff and members of the putative class prejudgment interest, reasonable attorney's fees and all costs connected with this action.

P. Incentive awards for the lead Plaintiff.

Q. Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the Court.

R. Liquidated, double, and treble damages as provided by applicable state, federal, and international laws.

S. Any civil penalties to which Plaintiff and similarly situated employees may be entitled.

T. Equitable tolling from the date of this filing.

U.  Such other and further relief as this Court may deem necessary, just and proper.

Dated: New York, New York
       October 24, 2013

                        Respectfully submitted,

                        **JTB LAW GROUP, LLC**

                        By: __/s/ Jason T. Brown____
                        Jason T. Brown (will seek pro hac vice admission)
                        jtb@jtblawgroup.com
                        Gian M. Fanelli (will seek pro hac vice admission)
                        gianmfanelli@jtblawgroup.com
                        155 2nd Street, Suite 4
                        Jersey City, NJ 07302
                        (201) 630-0000 (office)
                        (855) 582-5297 (fax)

                        -   And-

                        By: /s/ John L. Fink
                        John L. Fink, Esq.
                        1 Canal St. Suite 201
                        Lawrence, MA 01840
                        (508) 887-0921
                        AttorneyFink@Forghanylaw.com
                        *Attorneys for Plaintiff*