# EXHIBIT
# D

من القانون رقم (38) لسنة 1964 ، حيث نصت المادة (144) من القانون على أن لا تسمع عند الإنكار بمضي سنة من تاريخ انتهاء عقد العمل الدعاوى التي يرفعها العمال استناداً إلى أحكام هذا القانون . . . وعند الإنكار يسري حكم الفقرة (2) من المادة (442) من القانون المدني حيث يجب على من يتمسك بعدم سماع الدعوى أن يحلف اليمين بأنه أدى الدين للعامل فعلاً فإن كان وارثاً للمدين أو نائباً قانونياً عنه أو عن ورثته حلف اليمين بأنه لا يعلم وجود الدين أو بأنه يعلم بوفائه وتوجه المحكمة هذا اليمين من تلقاء نفسها .

وأخيراً نصت ذات المادة في فقرتها الأخيرة على إعفاء الدعاوى التي يرفعها العمال أو المستحقون عنهم من الرسوم القضائية . . . ومع ذلك أجازت للمحكمة عند رفض الدعوى أن تحكم على رافعها بالمصروفات كلها أو بعضها . . . ومن الطبيعي أن نظر الدعوى العمالية يكون على وجه الاستعجال .

وجاءت المادة (145) من القانون بحكم جديد حيث جعلت لحقوق العمال المقررة وفقاً لأحكام هذا القانون حق امتياز على جميع أموال صاحب العمل – عدا السكن الخاص – وتستوفى بعد المصروفات القضائية والمبالغ المستحقة للخزانة العامة ومصروفات الحفظ والإصلاح .

وأوجبت المادة (146) أن يسبق إقامة الدعوى التقدم بطلب من العامل أو المستحقين

عنه إلى إدارة العمل التي يقع في منطقة اختصاصها الجغرافي مقر العمل ، حيث تقوم هذه الإدارة بمحاولة تسوية النزاع ودياً خلال أسبوعين فقط فإذا فشلت التسوية الودية تعين عليها إحالة الموضوع بكافة أوراقه إلى المحكمة الكلية مشفوعة بمذكرة تتضمن ملخص النزاع وأوجه دفاع الطرفين وملاحظات الإدارة .

وتلتزم إدارة كتاب المحكمة وفقاً لنص المادة (147) بتحديد جلسة لنظر الدعوى خلال ثلاثة أيام من تسلمها للأوراق وتعلن بها طرفي النزاع .

ونصت المادة (148) على أن يصدر الوزير اللوائح والقرارات اللازمة لتنفيذ هذا القانون ، بالتشاور مع أصحاب العمل والعمال .

وبعد أن نصت المادة (149) على إلغاء القانون رقم (38) لسنة 1964 والقوانين المعدلة له ، أضافت بأنه يحتفظ العمال بجميع الحقوق التي تترتب عليه قبل إلغائه وتبقى كافة القرارات الصادرة تنفيذاً له معمولاً بها فيما لا يتعارض مع أحكام هذا القانون حتى صدور اللوائح والقرارات اللازمة لتنفيذه .

وأخيراً أوجبت المادة (150) على رئيس مجلس الوزراء والوزراء – كل فيما يخصه – تنفيذ هذا القانون ، على أن يعمل به من تاريخ نشره في الجريدة الرسمية .

❀ ❀ ❀

## الباب السابع
## في الأحكام الختامية

ويشـمل هذا الباب على المـواد (143) إلى
(150) .

وقد نصت المادة (143) على أن تشكل لجنة
استشارية لشـئون العمل تختص بإبداء الرأي
فيـمـا يعـرضـه عليـهـا الـوزير المختص من
موضوعات وفقاً لقرار يصدره في هذا الشأن ،
وهو قرار يتضمن أيضاً إجراءات دعوة اللجنة
والعمل فيها وكيفية إصدار توصياتها .

وإمعاناً من المشرع في حمـاية العمـال
وضمان حصولهم على حقوقهم العمـالية
سـحب حكم المادة(442) من القـانون المدني
بكافة الضمانات الموجودة فيها على الدعاوى
المرفوعة منهم – وذلك خلافاً لما كان متبعاً في
ظل المادة (96) من القـانـون رقم (38) لسنة
1964 ، حيث نصت المادة (144) من القانون
على أن لاتسـمع عند الإنكار بمضي سنة من
تاريخ انتهاء عقد العمل الدعاوى التي يرفعها
العمـال استناداً إلى أحكام هذا القانون . . . .
وعند الإنكار يسري حكم الفقرة (2) من المادة
(442) من القانون المدني حيث يجب على من
يتمسك بعدم سماع الدعوى أن يحلف اليمين
وإمعاناً من المشرع في حماية العمال وضمان
حصولهم على حقوقهم العمالية سحب حكم
المادة(442) من القانون المدني بكافة الضمانات
الموجودة فيها على الدعاوى المرفوعة منهم –
وذلك خلافاً لما كان متبعاً في ظل المادة (96)

واستحدثت المادة (138) عقوبة الحبس التي
لا تتجـاوز ثلاث سنوات والغرامـة التي لاتقل
عن ألف دينار ولاتزيد عن خمسة آلاف دينار
أو بإحدى هاتين العقـوبتين كل من يخالف
حكم الفـقـرة الثـالـثة من المادة (10) من هذا
القانون .

ونصت المادة (139) على عـقـوبة جـزائـية
على صاحب العـمـل المخـالف لأحكـام المادة
(57) من هذا القانون .

وإيماناً من المشرع بالدور الرقابي الذي تقوم
به الوزارة على المنشـآت والتـحـقـق من مـدى
مراعاتها لقواعد الصحة والسلامة المهنية
والقرارات الـوزارية الصادرة تنفيذا لها قرر في
المادة (140) فرض عقـوبة على كل من يعيق
الموظف المختص من القيام بواجباته الوظيفية
وصلاحيـاتـه المقررة له وفقاً للمادتين (133 ،
134) من القانون وحدد العقوبة بغرامة لاتجاوز
ألف دينار وتأكيداً لذات المبدأ .

وأبانت المادة (141) طريق إخطار المخـالفة
لإزالة أسباب المخالفة والعقوبة المقررة على عدم
إزالتها .

كما قررت عقوبة على كل مخالفة لأحكام
هذا القانون والتي لم يسلف بيانها في أي من
المواد المقررة للعقوبة .

ولتفعيل دور الوزارة الرقابي قررت المادة
(142) معاقبة كل من يخالف الأوامر الصادرة
بالوقف أو الغلق عـمـلاً بحكم المادة (135)
بغرامة لاتجاوز ألف دينار وبالحبس مدة لاتجاوز
ستة أشهر أو بإحدى هاتين العقوبتين .

وقد استحدثت المادة (١٣١) مبدأ جديداً هو جواز تدخل الوزارة في المنازعة الجماعية إذا دعت الضرورة دون طلب من أحد المتنازعين لتسوية النزاع ودياً كما يجوز لها إحالة النزاع إلى لجنة التوفيق أو هيئة التحكيم حسبما تراه أجدى وأسرع في تسوية النزاع ، وألزمت المادة أطراف النزاع بتقديم كافة المستندات التي تطلبها الوزارة المختصة وكذلك حضورهم عند دعوتهم لذلك .

وقد حظرت المادة (١٣٢) على طرفي المنازعة وقف العمل كلياً أو جزئياً أثناء إجراءات المفاوضة المباشرة أو إذا تدخلت الوزارة المختصة في المنازعات طبقاً لأحكام المادة (١٣١) أو أثناء تسوية النزاع سواء كان ذلك أمام الوزارة أو أمام لجنة التوفيق أو هيئة التحكيم .

وغني عن البيان أن أحكام هذا الفصل لاتحكم إلاعلاقات العمل المستمرة بين طرفي النزاع ( صاحب العمل والعمال) وإلا اعتبرت المنازعة فردية مهما تعددت أطرافها .

# الباب السادس
# في تفتيش العمل والعقوبات
# الفصل الأول :
# في تفتيش العمل

منحت المادة (١٣٣) صفة الضبطية القضائية للموظفين الذين يحددهم الوزير بقرار يصدره والذين يختصون بمراقبة تنفيذ القانون واللوائح والقرارات المنفذة له ، على أن يحلف هؤلاء الموظفين اليمين القانونية ، وألزمهم النص بأداء عملهم بأمانة ونزاهة وحياد وعدم إفشاء أسرار

مهن أصحاب الأعمال التي يطلعون عليها بحكم عملهم .

وحددت المادة (١٣٤) صلاحيات أولئك الموظفين في سبيل أداء العمل المناط بهم بما يشمل حق دخول أماكن العمل وطلب البيانات والسجلات وكذلك دخول الأماكن التي يخصصها أصحاب الأعمال لأغراض الخدمات العمالية من حق الاستعانة بالقوة العامة في سبيل أداء العمل .

وأعطت المادة (١٣٥) لموظفي الوزارة المختصين الحق في أن يتخذوا الإجراءات اللازمة بالتنسيق مع الجهات المختصة الأخرى في حالات معينة لغلق المحل كلياً أو جزئياً أو وقف استعمال آلة أو آلات معينة لحين تلافي المخالفة .

وأعطت المادة (١٣٦) الموظفين صلاحية تحرير المخالفات للعمالة التي تعمل بدون مركز عمل .

# الفصل الثاني :
# في العقوبات

وقد تضمن هذا الفصل المواد من (١٣٧) إلى (١٤٢) والملاحظ عليها بصفة عامة أن المشرع جنح إلى تشديد العقوبات على المخالفين عما هو مقرر في القانون رقم (٣٨) لسنة ١٩٦٤ بعد أن ثبت أن تلك العقوبات لم تعد كافية لردع المخالفين .

وعليه نصت المادة (١٣٧) على عقوبة الغرامة التي لاتتجاوز خمسمائة دينار لكل من يخالف أحكام المادتين (٣٥ ، ٨) وتتضاعف العقوبة في حالة العود .

51

للوزارة المختصة إيفاد مندوب عنها في جلسة أو جلسات المفاوضات كمراقب لتتعرف على أوجه النزاع من بدايته .

ونصت الفقرة الثانية على أنه في حالة وصول طرفي النزاع إلى اتفاق ودي فيما بينهما يحدد الواجبات أو الحقوق أو الميزات فإنه يجب تسجيل هذا الاتفاق لدى الوزارة خلال خمسة عشر يوما وفقاً للقواعد التي تضعها في هذا الشأن بحيث يتوافر الضمان اللازم لكلا الطرفين لتنفيذ نصوص الاتفاق .

فإذا أخفق طرفا النزاع في التوصل إلى اتفاق على النحو السالف بيانه فقد نصت المادة (١٢٥) على أن يقوم أي طرف منهما بالتقدم بطلب للوزارة المختصة لتسوية المنازعة ودياً عن طريق لجنة التوفيق في منازعات العمل الجماعية وأوجبت أن يكون الطلب موقعاً من صاحب العمل أو وكيله المفوض أو من أغلبية العمال المتنازعين أو من يفوضونه في تمثيلهم .

وعنيت المادة (١٢٦) في تشكيل لجنة التوفيق وبيان أعضائها وأجازت لها أن تستعين بمن تراه في أداء مهمتها وأحالت إلى قرار يصدر من الوزير المختص يحدد فيه العدد الذي يمثل كل من الوزارة أو أطراف النزاع في اللجنة . وقررت المادة المذكورة للوزارة الحق في طلب المعلومات التي تراها ضرورية في حل النزاع .

وحددت المادة (١٢٧) الإجراءات والمدد التي يتعين على اللجنة الالتزام بها حتى مرحلة عقد اتفاق التسوية الودية باعتباره اتفاقا نهائياً وملزماً للطرفين . فإذا أخفقت لجنة التوفيق في

تسوية المنازعة خلال المدة التي نصت عليها المادة وجب عليها إحالة نقاط النزاع التي لم يتم الاتفاق عليها خلال أسبوع إلى هيئة التحكيم مشفوعة بكافة المستندات التي قدمها الطرفان .

كما نصت المادة (١٢٨) على تشكيل هيئة التحكيم في منازعات العمل الجماعية والتي تتكون من إحدى دوائر محكمة الاستئناف تعينها الجمعية العمومية لمحكمة الاستئناف سنوياً ورئيس نيابة ينتدبه النائب العام وممثل للوزارة المختصة يعينه وزيرها ويحضر أمام الهيئة أطراف المنازعة أو من يمثلهم قانوناً .

ولضمان سرعة أفضل في المنازعات الجماعية فقد أوجبت المادة (١٢٩) على هيئة التحكيم أن تنظر النزاع في ميعاد لا يجاوز عشرين يوماً من تاريخ وصول أوراقه إلى إدارة الكتاب وأن يعلن كل من طرفي النزاع بميعاد الجلسة قبل انعقادها بمدة أسبوع على الأقل وأن يتم الفصل في المنازعة خلال فترة لا تتجاوز ثلاثة أشهر من تاريخ أول جلسة لنظرها .

ونصت المادة (١٣٠) على أن لهيئة التحكيم كل ما لمحكمة الاستئناف من صلاحيات طبقاً لأحكام قانون تنظيم القضاء وأحكام قانون المرافعات المدنية والتجارية وتصدر قراراتها مسببة ، وتكون بمثابة الأحكام الصادرة من محكمة الاستئناف .

أي عقد عمل جماعي بعد نشر ملخصه في الجريدة الرسمية ويكفي في ذلك اتفاق الطرفين طالبي الانضمام دون اشتراط موافقة طرفي العقد الأصليين وأوضحت كيفية الانضمام إلى العقد الجماعي في هذه الحالة وذلك بطلب موقع من الطرفين طالبي الانضمام يتم تقديمه للوزارة المختصة ولا يكون العقد نافذاً بالنسبة لهما إلا بعد نشر موافقة الوزارة المختصة على هذا الطلب في الجريدة الرسمية .

وأرست المادة (121) مبدأ هاماً وهو سريان عقد العمل الجماعي الذي تبرمه نقابة المنشأة على جميع عمال المنشأة ولو لم يكونوا أعضاء فيها مع عدم الإخلال بأي شرط يحمل فائدة أكثر للعامل في عقد العمل الفردي ومن جهة أخرى فإن العقد الذي يبرمه اتحاد أو نقابة مهنة مع صاحب عمل فإنه لايسري إلا على عمال منشأته وقد أخذ نص المادة (122) بمبدأ الوكالة عن الأعضاء إذ قرر بأنه لمنظمات العمال وأصحاب الأعمال – وهي التي تبرم العقد أصلاً أو تنضم إليه – أن تقوم برفع جميع الدعاوى الناشئة عن الإخلال بأحكام العقد لمصلحة أي عضو من أعضائها دون الحاجة إلى توكيل منه بذلك .

## الفصل الثالث
## في منازعات العمل الجماعية

ويشمل هذا الفصل المواد من (123) إلى (132) التي تستهدف الحفاظ على استقرار علاقات العمل خاصة عندما يكون النزاع

شاملاً لعدد كبير من العمال بسبب العمل أو شروطه في مواجهة صاحب عمل أو أكثر .

وقد عرفت المادة (123) المنازعات الجماعية بأنها تلك التي تنشأ بين واحد أو أكثر من أصحاب العمل وجميع العمال أو فريق منهم بسبب العمل أو شروط العمل وبذلك فإن هذا النص قد وسع مفهوم المنازعة الجماعية بحيث تعتبر كذلك إذا كانت بسبب العمل ولم تقتصر على مجرد الشروط كمثيلتها المادة (88) من القانون رقم 38 لسنة 1964 بحيث كانت المنازعات تعتبر فردية ولو كانت مقدمة من جميع العمال أو فريق منهم ولازالت علاقة العمل قائمة طالما كان سبب الخلاف أو النزاع متعلقاً بنص في القانون أو العقد لذلك فقد حرص المشرع على أن تحوز المنازعة وصف الجماعية ولو كان سبب النزاع راجعاً إلى العمل نفسه وليس فقط بشروطه على النحو السالف بيانه وذلك بهدف تحقيق مناخ مستقر في علاقات العمل سواء على مستوى المنشأة أو الصناعة أو النشاط المتماثل أو على المستوى القومي من خلال فض النزاع وإزالة أسبابه في وقت قليل كما أنه يقلل من الالتجاء إلى الخصومة القضائية ويهدف إلى تقليص عدد القضايا المطروحة على القضاء .

وحددت المادة (124) أول الإجراءات الواجب على أطراف النزاع إتباعها لحل المنازعات الجماعية حيث يتعين على طرفي النزاع التفاوض المباشر بين صاحب العمل أو من يمثله وبين العمال وبين من يمثلهم وأجازت

يتضمنها القانون كحد أدنى لحقوقهم . كما نصت المادة على بطلان كل شرط أو اتفاق أبرم قبل العمل بهذا القانون يتنازل بموجبه العامل عن أي حق من الحقوق التي يمنحها القانون ، كما يقع باطلاً كل تصالح أو مخالصة تتضمن إنقاصاً أو إبراء من حقوق العامل الناشئة له بموجب عقد العمل خلال فترة سريانه أو ثلاثة أشهر من تاريخ انتهائه متى كانت مخالفة لأحكام هذا القانون .

ورغم أن عقد العمل الجماعي - شأنه في ذلك شأن عقد العمل الفردي - من العقود الرضائية أصلاً إلا أن المادة (116) اشترطت لنفاذه أن يسجل لدى الوزارة المختصة وأن ينشر ملخصه في الجريدة الرسمية . وأجازت الفقرة الثانية من المادة ذاتها للوزارة المختصة أن تعترض على أي شرط مخالف للقانون وأوجبت على طرفي العقد تعديله وفقاً لما تطلبه الوزارة خلال خمسة عشر يوماً من تاريخ استلام الاعتراض وإلا اعتبر طلب التسجيل كأن لم يكن .

وتنص المادة (117) على أنه يجوز أن يبرم هذا العقد إما :

1 - على مستوى المنشأة .
2 - على مستوى الصناعة .
3 - على المستوى الوطني .

وأوجبت أن يبرمه اتحاد نقابات الصناعة إذا كان مبرماً على مستوى الصناعة وأن يبرمه الاتحاد العام للعمال إذا كان على المستوى الوطني . كما اعتبرت العقد المبرم على

مستوى الصناعة تعديلاً للعقد المبرم على مستوى المنشأة والعقد المبرم على المستوى الوطني تعديلاً لأي من العقدين الآخرين وذلك في حدود ما يرد فيهما من أحكام مشتركة .

وعددت المادة (118) الأشخاص الاعتبارية والطبيعية والفئات التي تسري عليها أحكام عقد العمل الجماعي فهي أولاً نقابات أو اتحادات العمال التي أبرمت العقد أو انضمت إليه بعد إبرامه ، وثانياً أصحاب الأعمال أو اتحاداتهم الذين أبرموا العقد أو انضموا إليه بعد إبرامه ، وثالثاً النقابات المنضمة للاتحاد الذي أبرم العقد أو انضمت إليه بعد إبرامه ، ورابعاً أصحاب الأعمال الذي انضموا للاتحاد الذي أبرم العقد أو انضموا إليه بعد إبرامه وبذلك يكون النص قد اتسع لشمول أكبر قاعدة من العمال وأصحاب الأعمال لأحكام عقد العمل الجماعي ومن ثم يكون ذلك من أفضل عوامل استقرار علاقات العمل مع ما سيترتب على ذلك من آثار اقتصادية واجتماعية .

وأكدت المادة (119) انعدام أثر انسحاب العامل من النقابة أو فصله منها على حقه في التمتع بشروط هذا العقد والتزامه بما ورد به من واجبات إذا تم ذلك بعد إبرام النقابة للعقد أو الانضمام إليه .

وتعميماً للاستفادة من الآثار الإيجابية لعقد العمل الجماعي فقد أجازت المادة (120) لغير المتعاقدين من نقابات العمال أو اتحاداتهم أو أصحاب الأعمال أو اتحاداتهم أن ينضموا إلى

48

منظمات أصحاب الأعمال والعمال :

1 – الحل الاختياري بقرار يصدر من الجمعية العمومية وفقاً لنظامها الأساسي .

2 – الحل القضائي بموجب حكم يصدر بناءً على طلب الوزارة المختصة بحل مجلس الإدارة تأسيساً على مخالفة المنظمة لأحكام القانون أو النظام الأساسي ، وقد أجازت المادة استئناف هذه الأحكام خلال ثلاثين يوماً من تاريخ صدور الحكم لدى محكمة الاستئناف ، ويتحدد مصير الأموال الناشئة عن اجراءات التصفية على ضوء ما تقرره الجمعية العمومية في حالة الحل الاختياري .

وقد استحدثت المادة (109) نصاً يقضي بإلزام أصحاب الأعمال بتزويد العمال بكافة القرارات واللوائح المتعلقة بحقوقهم وواجباتهم .

وأجازت المادة (110) لرب العمل أن يفرغ عضواً أو أكثر من أعضاء مجلس إدارة النقابة أو الاتحاد لمتابعة شئون النقابة مع جهة العمل أو الجهات المعنية في الدولة .

# الفصل الثاني
# في عقد العمل الجماعي

وقد استحدث هذا الفصل الذي يتكون من المواد (111) إلى (122) لتنظيم عقد العمل الجماعي والذي لم يحظ في أي من قوانين العمل السابقة بأي تنظيم خاص .

وتعرف المادة (111) عقد العمل الجماعي

---

بأنه ذلك العقد الذي ينظم شروط العمل وظروفه وينعقد بين نقابة عمالية أو أكثر أو اتحاد أو اتحادات عمالية من جهة وبين صاحب عمل واحد أو عدة أصحاب أعمال أو اتحاد أصحاب أعمال أو أكثر من جهة أخرى .

واشترطت المادة (112) أن يكون ذلك العقد مكتوباً وأن يكون محلاً لموافقة طرفيه ، وتصدر الموافقة بالنسبة للمنظمات النقابية واتحاد أصحاب الأعمال من الجمعية العمومية وفقاً لما يقضي به النظام الأساسي للمنظمة أو الاتحاد .

وأوجبت المادة (113) أن يكون عقد العمل الجماعي محدد المدة على ألا تزيد مدته على ثلاث سنوات ، فإذا انقضت تلك المدة واستمر طرفا العقد في تنفيذه فإنه يحتفظ بصفته كعقد محدد المدة بسنة واحدة بنفس الشروط الواردة فيه وكل ذلك مرهون بألا يكون العقد نفسه قد تضمن شروطاً خاصة تخالف الحكم المقرر المنصوص عليه بهذا النص ، ونصت المادة (114) على أنه إذا رغب أحد طرفي العقد في عدم تجديده بعد انتهاء مدته عليه إخطار الطرف الآخر والوزارة المختصة كتابة قبل ثلاثة أشهر على الأقل من تاريخ انتهاء العقد وإذا تعددت أطرافه فلا يترتب على انقضائه بالنسبة لأحدهم انتهاؤه بالنسبة للآخرين .

ووضعت المادة (115) ضمانة هامة وهي بطلان كل شرط في هذا العقد إذا كان مخالفاً لأي حكم من أحكام مواد هذا القانون ولايستثنى من ذلك إلا الشروط التي تتضمن حقوقاً أو ميزات للعمال أفضل من تلك التي

47

انتخابه ، كما بينت كيفية ثبوت الشخصية الاعتبارية للمنظمة .

ونصت المادة (103) على ضرورة التزام العمال وأصحاب الأعمال ، عند تمتعهم بالحقوق المنصوص عليها في هذا الباب ، بعدم مخالفة أي قانون سار في الدولة وكذلك عدم تجاوز الأهداف المحددة للمنظمة بنظامها الأساسي .

أما المادة (104) فقد أوجبت على الوزارة المختصة إرشاد المنظمات النقابية نحو التطبيق القانوني السليم وكيفية القيد في سجلاتها . . . الخ ، وأوردت المادة المذكورة الأنشطة التي يحظر على النقابات الاشتغال بها .

ونصت المادة (105) على أحقية النقابات في فتح مقاصف ومطاعم لخدمة العمال بعد موافقة رب العمل والجهات المعنية في الدولة . وأكدت المادة (106) حق النقابات في تكوين اتحادات ترعى مصالحها المشتركة وحق الاتحادات في تكوين اتحاد عام على ألا يكون هناك أكثر من اتحاد عام واحد لكل من العمال وأصحاب العمل .

كما أجازت المادة (107) لمنظمات العمال وأصحاب الأعمال والاتحادات والاتحاد العام المشار إليها في المواد السابقة بالانضمام إلى أية منظمة عربية أو دولية شريطة إخطار الوزارة المختصة بذلك .

وأوردت المادة (108) صـــورتين لحل

لأصحاب الأعمال وحق التنظيم النقابي للعمال وفقاً لأحكام هذا القانون .

ولقد قررت المادة مبدأ تكوين الاتحادات والنقابات للعاملين والقطاعات بشرائحها المختلفة الحكومية منها والأهلية والنفطية ، وذلك انسجاماً مع ما قرره الدستور في المادة (43) من مبدأ حرية تكوين الجمعيات والنقابات وكذلك انسجاماً مع الاتفاقيات الدولية ذات العلاقة وبشكل خاص الاتفاقية رقم (87) لسنة (1948) بشأن الحرية النقابية وكفالة الحق النقابي .

وبعد أن أكدت المادة (99) على مبدأ حرية تكوين النقابات والاتحادات حددت الغرض من تكوين مثل هذه المنظمات ويتمثل ذلك في رعاية مصالح أعضاء المنظمة وتحسين حالتهم المادية والاجتماعية وتمثيلهم في مواجهة الغير ولم تشترط المادة (100) توافر عدد معين من العمال أو أصحاب الأعمال بغرض تكوين النقابة أو الاتحاد حسب الأحوال ، وإنما أطلقت هذا الحق انسجاماً مع المبادىء المعلنة بالدستور والاتفاقيات الدولية ، كما بينت المادة المذكورة إجراءات تكوين النقابة أو الاتحاد .

وبينت المادة (101) البيانات الأساسية التي يجب أن تشتمل عليها لائحة النظام الأساسي لها وحقوق أعضائها وكيفية ممارستها لنشاطها .

كما بينت المادة (102) المستندات التي يتعين على مجلس الإدارة المنتخب أن يودعها لدى الوزارة خلال خمسة عشر يوماً من تاريخ

46

الفرع استحدث المشرع نصاً جديداً حيث قضى في المادة (89) على أن الأحكام التالية والمتعلقة بإصابات العمل وأمراض المهنة لاتسري على المؤمن عليهم الخاضعين لأحكام التأمين عن أصابة العمل المقننة في قانون التأمينات الاجتماعية عند تطبيقه عليهم ، وفي المادة (90) أوضحت الإجراءات الواجب على صاحب العمل – أو العامل إذا سمحت حالته – اتخاذها في حالة وقوع الإصابة والجهات الواجب إخطارها .

ونصت المادة (91) على تحمل صاحب العمل نفقات علاج العامل المصاب من إصابات العمل وأمراض المهنة بما في ذلك قيمة الأدوية ومصروفات الانتقال وذلك كله مع عدم الإخلال بما يقضي به قانون التأمين الصحي رقم (1) لسنة 1999 ، وأجازت المادة المذكورة لكل من العامل وصاحب العمل الاعتراض على التقرير الطبي أمام لجنة التحكيم الطبي بوزارة الصحة .

وأوجبت المادة (92) على كل صاحب عمل موافاة الوزارة المختصة ، وبشكل دوري ، بإحصائية عن إصابات العمل وأمراض المهنة التي تقع داخل منشأته .

وأعطت المادة (93) للمصاب الحق في تقاضي أجره كاملاً طوال فترة العلاج وإذا جاوزت تلك الفترة ستة أشهر ، فحينئذ يصرف للعامل نصف أجره الشهري وذلك

إلى حين شفائه أو ثبوت عاهته أو وفاته .

كما أحالت المادة (94) إلى قرار يصدر من الوزير ، بعد أخذ رأي وزير الصحة ، يتحدد بمقتضاه ما يستحق للعامل المصاب أو المستحقين عنه من تعويضات .

وأشارت المادة (95) إلى حالات حرمان العامل المصاب من التعويض ونطاق هذا الحرمان .

ومدت المادة (96) الحماية المقررة للعامل بموجب المواد من (93) إلى (95) من هذا القانون إذا ظهرت عليه أعراض أمراض المهنة بعد تركه العمل خلال سنة .

كما ألزمت المادة (97) أصحاب الأعمال الذين اشتغل لديهم العامل ، كل بنسبة ما قضاه العامل لديه من مدة خدمة ، وذلك عن تعويض المذكور أو المستحق عن إصابته على نحو ما جاء بهذا النص وقررت لشركة التأمين أو المؤسسة العامة للتأمينات الاجتماعية بعد تعويض العامل أو المستحق عنه الرجوع على أصحاب العمل بقدر ما أدته من تعويض حسب ما نصت عليه الفقرة الأولى من هذه المادة .

## الباب الخامس
### في علاقة العمل الجماعية
### الفصل الأول :
### في منظمات العمال
### وأصحاب الأعمال والحق النقابي

يضم هذا الباب المواد من (98) إلى (110) فقد كفلت المادة (98) حق تكوين الاتحادات

45

<div dir="rtl">

أيام من تاريخ الوفاة وأحالت المادة إلى الوزير إصدار قرار ينظم بموجبه شروط منح هذه الإجازة . كما نصت المادة على منح المرأة العاملة غير المسلمة المتوفى عنها زوجها إجازة لمدة واحد وعشرين يوما مدفوعة الأجر .

واستحدثت المادة (78) إجازة أخرى بأجر كامل حيث أجازت منح العامل إجازة مدفوعة الأجر لحضور المؤتمرات واللقاءات الدورية والاجتماعية العمالية وفقاً للقواعد والشروط التي يصدر بها قرار من الوزير .

وأجازت المادة (79) منح العامل ، بناءً على طلبه ، إجازة خاصة بدون أجر خلاف الإجازات المنصوص عليها في هذا الفصل .

# الفصل الرابع
## في السلامة والصحة المهنية

ويضم هذا الفصل المواد من (80) إلى (97) وينقسم إلى فرعين :

### الفرع الأول : في قواعد حفظ السلامة والصحة المهنية

ويشمل المواد من (80) إلى (88) حيث بينت المواد من (80) إلى (83) أنواع السجلات والملفات التي يجب أن يحتفظ بها صاحب العمل للعامل بكل ما تتطلبه من قيد بيانات عن الإجازات بأنواعها المختلفة وإصابات العمل وأمراض المهنة والسلامة والصحة المهنية وبدايات ونهايات الخدمة وكل ما يلزم من بيانات وسجلات على ضوء هذه المواد ، مع إلزام صاحب العمل بتعليق لوائح الجزاءات والدوام والراحات الأسبوعية والإجازات الرسمية في

---

مكان ظاهر فضلاً عن توفير وسائل السلامة والصحة المهنية بما يكفل الوقاية من مخاطر العمل دون تحميل العامل أية نفقات عن ذلك أو اقتطاع أي جزء من أجره مقابل توفيرها .

وأوجبت المادة (84) على صاحب العمل أن يضع في مكان ظاهر بمقر العمل التعليمات الخاصة بالوقاية من أخطار العمل وأمراض المهنة وأحالت إلى قرار يصدر من الوزير المختص بالعلامات التحذيرية والإرشادية وأدوات السلامة اللازمة لذلك .

كما أحالت المادة (85) إلى قرار يصدر من الوزير المختص ، بعد أخذ رأي الجهات المعنية ، بتحديد أنواع الأنشطة التي يلزم فيها توفير المعدات والوسائل اللازمة للسلامة والصحة المهنية مع تعيين الفنيين اللازمين لتشغيل هذه المعدات .

وفي نفس الوقت الذي أوجبت فيه المادة (86) على صاحب العمل اتخاذ كافة الاحتياطات اللازمة لحماية العمال أوجبت المادة (87) على العمال استعمال وسائل الوقاية بعناية وتنفيذ كافة التعليمات الصادرة في هذا الشأن .

وإمعانا من المشرع في حماية العمال أوجبت المادة (88) على صاحب العمل التأمين على عماله لدى شركات التأمين ضد إصابات العمل وأمراض المهنة مع مراعاة أحكام قانون التأمينات الاجتماعية .

### الفرع الثاني : في إصابات العمل وأمراض المهنة :

ويضم المواد من (89) إلى (97) وفي هذا

</div>

# الفصل الثالث
## الإجازات السنوية مدفوعة الأجر

ويضم المواد من (70) حتى (79) حيث جاءت المادة (70) وقد زادت من حق العامل في الإجازة السنوية بجعلها ثلاثين يوماً عن كل سنة من سنوات الخدمة ، ويستحق العامل إجازة عن كسور السنة بنسبة ما قضاه منها في العمل ولو كانت السنة الأولى من الخدمة .

ونصت على ألا تحسب ضمن الإجازة السنوية أيام العطل الرسمية أو أيام الإجازات المرضية الواقعة خلالها .

وأضافت المادة (71) بأن يدفع للعامل أجره المستحق عن الإجازة السنوية قبل القيام بها لتدبير أموره بأجره عنها حسبما يراه .

وأعطت المادة (72) لصاحب العمل حقه في تحديد موعد الإجازة السنوية أو تجزئتها برضاء العامل بعد تمتع الأخير بالأربعة عشرة يوماً الأولى منها – كما أجازت للعامل تجميع إجازاته بما لا يزيد عن إجازة سنتين بعد موافقة صاحب العمل ثم القيام بها دفعة واحدة وأجازت أيضاً موافقة الطرفين على تجميع إجازات العامل لأكثر من سنتين استجابة للضرورات العملية .

ونصت المادة (73) على أحقية العامل في الحصول على المقابل النقدي لإجازاته المتجمعة عن سنوات الخدمة الكاملة وذلك عند انتهاء العقد لأي سبب مع مراعاة أحكام المادتين (70 ، 71) من هذا القانون .

ولم تجز المادة (74) للعامل أن يتنازل عن

إجازته السنوية بعوض أو بغير عوض للغايات انسانية التي قصدها المشرع من تقرير هذه الإجازة وهي راحة العامل وتجديد نشاطه ، ولذلك أعطت هذه المادة لصاحب العمل الحق في استرداد ما أداه للعامل من أجر عن هذه الإجازات إذا ثبت اشتغاله خلالها لحساب صاحب عمل آخر .

وتشجيعاً للعمال على الدراسة والتحصيل استحدثت المادة (75) حكماً يقضي بجواز منح العامل إجازة دراسية بأجر للحصول على مؤهل أعلى في مجال عمله شريطة أن يلتزم بالعمل لدى صاحب العمل مدة مماثلة لمدة الدراسة وبحد أقصى قدره خمس سنوات وفي حالة إخلال العامل بذلك يلتزم برد جميع الأجور التي صرفت له أثناء الإجازة بنسبة ما تبقى من المدة الواجب قضاؤها في العمل .

كما استحدثت المادة (75) إجازة الحج للعامل الذي أمضى سنتين متصلتين في خدمة صاحب العمل ولم يكن قد أدى هذه الفريضة من قبل فجعلت له الحق في الحصول على إجازة مدفوعة الأجر مدتها واحد وعشرين يوماً .

واستحدثت المادة (77) نوعاً آخر من الإجازات حيث جعلت للعامل في حالة وفاة أحد أقاربه من الدرجة الأولى أو الثانية الحق في إجازة بأجر كامل لمدة ثلاثة أيام وللمرأة العاملة المسلمة التي يتوفى زوجها الحق في إجازة عدة بأجر كامل لمدة أربعة أشهر وعشرة

43

يقل مجموع ساعات العمل اليومية بساعة على الأقل عما هو منصوص عليه في المادة (64) .

ووضعت المادة (66) ضوابط تشغيل العمال فترات اضافية حيث أجازت ذلك بأمر كتابي من صاحب العمل إذا كان ذلك لازما لمنع وقوع حادث خطر أو اصلاح ما نشأ عنه أو تفادي خسارة محققة أو مواجهة أعمال تزيد على القدر اليومي العادي وحددت عدد ساعات العمل الاضافية في اليوم الواحد وفي الأسبوع وفي السنة أما مقدار أجر الساعات الاضافية فيزيد بنسبة 25٪ من الأجر العادي لنفس المدة مع الزام صاحب العمل بأن يمسك سجل خاص بالعمل الاضافي .

واعطت المادة (67) للعامل الحق في راحة اسبوعية مدفوعة الأجر تحدد بأربع وعشرين ساعة متصلة عقب كل ستة أيام عمل إلا أنه إذا اقتضت ظروف العمل تشغيل العامل في يوم راحته الأسبوعية ولا يكون ذلك إلا في حالة الضرورة استحق العامل أجره عن هذا اليوم مضافا إليه 50٪ منه على الأقل ،مع ضرورة تعويضه بيوم راحة آخر في الأسبوع التالي مباشرة حتى يتحقق ليوم الراحة المقصود منه وهو تجديد نشاط العامل على فترات دورية متقاربة . وأكـــدت المادة على أن هذا الحكم لا يخل بحساب حق العامل بما فيها أجره اليومي واجازاته ، حيث يجري حساب هذا الحق بقسمة راتبه على عدد أيام العمل الفعلية دون أن تحسب من ضمنها أيام راحته الإسبوعية ، على الرغم من كون أيام الراحة هذه مدفوعة الأجر .

وحددت المادة (68) الإجازات الرسمية المستحقة للعامل بأجر كامل حسب التعداد الوارد بها ومجموع الإجازات الرسمية المستحقة للعامل بأجر ثلاثة عشر يوما خلال السنة الواحدة .

واذا استدعت ظروف العمل تشغيل العامل في أي يوم من هذه الأيام استحق أجرا مضاعفا عنه أي أجره العادي مضروبا في (2) مع تعويضه بيوم بديل .

ويكون هذا الأجر المضاعف هو أساس احتساب الساعات الإضافية التي يتطلبها العمل في هذا اليوم .

وأصبحت الإجازات المرضية المستحقة على ضوء حكم المادة (69) وبشرط ثبوت المرض بشهادة طبية على النحو التالي :

- خمسة عشر يوما بأجر كامل .
- عشرة أيام بثلاثة أرباع الأجر .
- عشرة أيام بنصف الأجر .
- عشرة أيام بربع الأجر .
ثلاثين يوما بدون أجر .

ويثبت المرض الذي يستدعي منح هذه الإجازة بشهادة طبية من الطبيب الذي يعينه صاحب العمل أو طبيب الوحدة الصحية الحكومية وفي حالة الخلاف تعتمد شهادة الطبيب الحكومي .

ونصت الفقرة الأخيرة على أن تستثنى الأمراض المستعصية بقرار من الوزير المختص يحدد فيه هذه الأمراض .

42

احتسب المتوسط على نسبة ما امضاه منها في الخدمة مع عدم جواز تخفيض أجر العامل خلال العمل لأي سبب .

واستـحـدثت المادة (63) حكمـا جـديدا يوجب بقرار من الوزير المختص وضع جداول بالحـد الأدنى للأجـور طبقـا لطبيعة المهن والصناعات وذلك استجابة لمتطلبات المستقبل وتمشيا مع الاتجاهات الحديثة في وضع حد أدنى للأجور لضمان مستوى معيشي معقول للعمال وبما يكون دافعا للقوى العاملة الكويتية ومشجعا لها على النزول الى ميدان العمل في القطاع الأهلي ، ويصدر القرار بالتشاور مع اللجنة الاستشارية لشئون العمل والمنظمات المختصة .

## الفصل الثاني
## في ساعات العمل والراحة الأسبوعية

ويضم هذا الفصل المواد من (64) الى (69) حيث حددت المادة (64) سـاعـات العـمـل الأسبوعية بثمان وأربعين ساعة كأصل عام وبحيث لا يجوز تشغيل العامل أكثر من ثماني ساعات في اليوم ، وقد رؤي تعديل نص المادة (33) في القانون رقم 38 لسنة 1964 بما كـان ينص عليه من أنه «لايجوز تشغيل العامل أكثر من ثمان ساعات يوميا أو ثمان وأربعين ساعة في الاسبوع» حيث اختلف الرأي حول كلمة «أو» التخييرية من حيث مدى جواز زيادة عدد ساعات العمل اليومية عن ثمـاني سـاعـات اكتفاء بالحد الاقصى لساعات العمل بثمان وأربعين ساعة في الأسبوع وحسما لهذا الجدل

رؤي استبدال النص القديم بالنص الوارد في القانون حيث قطعت المادة (64) منه بأن تكون ساعات العمل للعمال ثمان وأربعين ساعة أسبوعيا ولا يجوز أن تزيد على ثماني ساعات يوميا إلا في الحالات المنصوص عليها في القانون وذلك تغليبا للرأي القائل بحماية العامل في كل يوم من أيام عمله ومن ثم النص على عدم تجاوز ساعات العمل اليومية عن ثماني ساعات إلا في حدود الاستثناءات المنصوص عليها في القانون .

واستحدث النص حكما جديدا يقضي بأن تكون ساعات العمل في شهر رمضان المبارك ست وثلاثين ساعة اسبوعيا .

وأجاز النص ذاته انقاص ساعات العمل في الأعمـال المرهقـة أو المضرة بالصحة أو بسبب الظروف القاسية وذلك بقرار يصدر من الوزير .

وبعد أن أقرت المادة (65) حكم الفقـرة الثانية من المادة (33) من القانون رقم 38 لسنة 1964 بعـدم جـواز تشغيل العـامل أكثر من خمس ساعات متتالية يوميا دون ان يعقبها فترة راحة لاتقل عن ساعة ولا تحسب فترات الراحة ضمن ساعات العمل استثنت من ذلك القطاع المصرفي والمالي والاستثماري فتكون ساعات العمل ثماني ساعات متصلة ثم جاءت بحكم جـديد اقتضته الضرورات العملية حيث أجازت تشغيل العمال دون فترة راحة لأسباب فنية أو طارئة أو في الأعمال المكتبية شريطة أن

من صافي الأرباح حيث قضت المادة المذكورة في عجزها أنه إذا لم تحقق المنشأة التي يشتغل بها العامل أرباحا أو كانت الأرباح ضئيلة بحيث لاتتناسب حصة العامل مع العمل الذي قام به فعندها يتقرر أجر العامل بأجر المثل وذلك مع مراعاة عرف المهنة ومقتضيات العدالة .

وحرصت المادة (56) على النص على أن تؤدى الأجور في أحد أيام العمل وبالعملة المتداولة ووضعت حدا لتأدية الأجور للعمال بأن تؤدى الأجور للعمال المعينين بأجر شهري بواقع مرة على الأقل كل شهر وتؤدى لغيرهم من العمال الآخرين بواقع مرة على الأقل كل أسبوعين . . . وأضافت بأنه لا يجوز تأخير دفع الأجــور عن اليــوم السـابع من تاريخ الاستحقاق .

وألزمت المادة (57) صاحب العمل الذي يستخدم عمالا لديه وفق أحكام هذا القانون وقانون العاملين في القطاع النفطي رقم 28 لسنة 1969 بدفع مستحقاتهم في المؤسسات المالية المحلية لضمان حصولهم عليها مع إخطار الوزارة بالكشوف الدالة على ذلك .

وتحاشيا للإضرار بالعمال لم تجز المادة (58) نقل عامل بالأجر الشهري الى فئة أخرى بغير موافقته كتابة على ذلك مع عدم الإخلال بالحقوق التي اكتسبها خلال فترة عمله بالأجر الشهري .

وحماية للعمال كذلك نصت المادة (59) على عدم جواز اقتطاع أكثر من 10٪ من أجر

العامل وفاء لديون أو قروض مستحقة لصاحب العمل ودون تحميل العامل أية فائدة عن هذه الديون – كما نصت على عدم جواز الحجز على الأجر المستحق للعامل أو النزول عنه أو الخصم منه إلا في حدود 25٪ من الأجر ، وذلك لدين النفقة أو المأكل أو الملبس أوالديون الأخرى بما في ذلك دين صاحب العمل وتمشيا مع أحكام القانون المدني فعند التــزاحم يقــدم دين النفقــة على الـديون الأخرى .

وإمعانا من المشرع في حماية العمال نصت المادة (60) على أنه لا يجوز إلزام العامل بشراء أغذية أو سلع من محال معينة أو مما ينتجه صاحب العمل .

كما جاءت المادة (61) بحكم مستحدث بالزام صاحب العمل بدفع أجور عماله طوال فترة تعطيل المنشأة كليا أو جزئيا لأي سبب لا دخل للعامل فيه ، ونصت على أن لا ينتهي عقد العمل لذات السبب .

وحرصت المادة (62) على تأكيد المبدأ المعمول به في القانون رقم 38 لسنة 1964 وهو أن يراعى في احتساب مستحقات العامل آخر أجر تقاضاه وإذا كان العامل ممن يتقاضون أجورهم بالقطعة يحدد أجره بمتوسط ما تقاضاه خلال أيام العمل الفعلية في الشهور الثلاثة الأخيرة – ويكون تقدير المزايا العينية والنقدية بتقسيم متوسط ماتقاضاه العامل منها خلال الاثني عشر شهرا الأخيرة على الاستحقاق فإذا قلت مدة خدمته عن سنة

40

سنة ونصف ، وأما بالنسبة للفئة الثانية فقد
حددتها بواقع أجر عشرة أيام عن كل سنة من
سنوات الخدمة الخمس الأولى تزاد الى أجر 15
يوما اعتبارا من سنة الخدمة السادسة وبحيث لا
تزيد المكافأة في مجموعها عن أجر سنة واحدة
هذا وأقرت المادة استحقاق العامل في كلتا
الحالتين – لمكافأة نهاية الخدمة عن كسور
السنة بنسبة ما أمضاه من الخدمة فيها والزمت
صاحب العمل بدفع الفرق بين المبالغ التي
تحملها لاشتراك العامل في التأمينات
والمستحقة عن مكافأة نهاية الخدمة .

وأوضحت المادة (52) الأحوال التي يستحق
العامل فيها مكافأة نهاية الخدمة كاملة .

ثم بينت المادة (53) أحوال الاستحقاق
الجزئي لمكافأة نهاية الخدمة لدى استقالة
العامل في عقد غير محدد المدة ، فجعلت
استحقاقه لها بواقع النصف إذا كانت مدة
خدمته لاتقل عن ثلاث سنوات ولم تبلغ
خمس سنوات ، فإذا أتم السنوات الخمس
دون أن يكمل العشر استحق ثلثيها فقط وإذا
أتم العشر سنوات استحق المكافأة كاملة .

وجاءت بعد ذلك المادة (54) فنصت على
حق العامل في الحصول على شهادة عند
انتهاء خدمته تتضمن بيانا بمدة عمله أو خبرته
وحظرت على أصحاب الأعمال تحريرها على
نحو قد يتضمن اساءة أدبية اليه أو عائقا أمام
فرص العمل الأخرى مع التزام صاحب العمل
برد المستندات أو الأدوات أو الشهادات التي
أودعها العامل لديه عند بدء عمله أو أثناءه .

## الباب الرابع
### في نظام وظروف العمل
ويقع في أربعة فصول ويشمل المواد من
(55) وحتى (97) :

## الفصل الأول
### في الأجر

ويشمل المواد من (55) وحتى (63) : حيث
عرفت المادة (55) المقصود بالأجر بأنه كل ما
يتقاضاه العامل أو ينبغي له أن يتقاضاه مقابل
تأديته للعمل ويشمل ذلك الأجر الأساسي
وكافة العناصر الأخرى كالعلاوات والبدلات
التي يتضمنها عقد العمل أو تقررها لوائح
صاحب العمل ولا ينصرف مفهوم الأجر الى
ما قد يؤديه صاحب العمل الى العامل طواعية
من مكافآت ومنح وكذلك لا ينصرف مفهوم
الأجر الى المبالغ أو المزايا الأخرى التي يحصل
عليها العامل لمواجهة النفقات الفعلية أو
المصروفات الضرورية اللازمة لأداء العمل أو
بحكم طبيعته الذاتية مثل بدل السيارة المخصصة
لتنقلات العمل أو المساكن التي تخصص
لحراس العقارات أو المساكن ووسائل الانتقال
التي يلتزم صاحب العمل بتوفيرها للعمال
بالمناطق النائية فإن هذه الطائفة الأخيرة من
المزايا لاتعد أجرا ولا تأخذ حكمه ، كما يشمل
الأجر العلاوة الاجتماعية وعلاوة الأولاد وفقا
للقانون رقم 19 لسنة 2000 أو أي مزايا مالية
أخرى تمنحها الدولة للعامل بصفة دورية .

وأضافت المادة حكما جديدا يعالج
موضوع تحديد الأجر عندما يأخذ شكل حصة

وقـد حظرت المادة (45) على صاحب العمل استخدام حق الانهاء المخول له بمقتضى المادة (44) سالفة الذكر أثناء تمتع العامل أو العاملة بأي من الاجازات المنصوص عليها في هذا القانون حماية للعامل من أن يفاجأ خلال تمتعه بأي من هذه الاجازات بإنهاء عقد عمله .

كما حظرت المادة (46) إنهاء عقد العمل من جانب صاحب العمل ما لم يستند الى قدرة العامل أو سلوكه أو مقتضيات تشغيل المؤسسة أو المنشأة ولم تعتبر المادة (46) بشكل خاص الأسباب التي أوردتها سببا لإنهاء عقد العمل من جانب صاحب العمل وذلك لتعلقهـا بحقـوق أساسية مكفـولة بموجب الدستور والاتفـاقيات الدولية والتي قررت للعامل حق الانضمام للنقابات العمالية وممارسـة الحق النقابي وحـرية الاعتـقـاد والتقاضي وعدم المساس بحقوقه بسبب الانتماء العرقي أو العقائدي .

وبينت المادة (47) قـواعد التـعـويض التي يلتزم بها طرفا العقد المحدد المدة الذي ينهيه أحدهما قبل حلول موعد انتهائه دون أن يكون له الحق في ذلك بما يساوي أجر العامل عن المدة المتبقية في العقد وعلى أن يراعي القاضي عند تحديد الضرر بالنسبة إلى كل من طرفي العقد العرف الجاري وطبيعة العمل . . . الخ وكافة الاعتبارات التي تؤثر في الضرر من حيث وجوده ومداه وقررت ذات المادة مبدأ المقاصة بين ما يستحقه العامل من تعويض وما

تنشغل به ذمته من ديون أو قروض مستحقة لصاحب العمل .

وبينت المادة (48) الحـالات التي يحق للعامل فيها انهاء عقد العمل مع استحقاقه لمكافأة نهاية الخدمة .

وحددت المادتان (49 ، 50) حالات انتهاء العقد بقوة القانون ، فبينما انفردت المادة (49) في بيان حالات انتهاء العقد لسبب يعود الى العامل كوفـاته او ثبوت عجـزه عن القيام بالعمل أو استنفاد اجازاته المرضية ، بينت المادة (50) حالات انتهاء عقد العمل وتتمثل تلك الحالات في انتقال المنشأة إلى الغير عن طريق البيع أو الاندماج أو الإرث أو الهبة أو غير ذلك من التصرفات القانونية أو إغلاقها أو إغلاقهـا نهائيا أو بصدور حكم نهائي بإشهار إفلاس صاحب العمل . وفي حالة انتقـال المنشأة إلى الغير بالطرق المشار إليهـا قضت المادة (50) بأن حقوق العمال تصبح دينا واجب الوفاء على الخلف والسلف بالتضامن وأجازت للعمال أن يستمروا بالعمل لدى من انتقلت اليه المنشأة مع الزام الأخير بمراتبه عقد العمل المبرم مع السلف من آثار .

وبينت المادة (51) مكافـأة نهاية الخدمـة المستحقة للعاملين بأجر شهري وللفئـات الأخرى فقررت بالنسبة للفئة الأولى مكافأة نهاية الخدمة بواقع أجر خمسة عشر يوما عن كل سنة من سنوات الخدمة الأولى ثم أجـر شهـر عن كل سنة من السنوات التالية عليها بحيث لا تزيد المكافأة في مجموعها عن أجر

38

العامل للأجر المقابل لخمسة أيام في الشهر الواحد واستحدثت المادة (39) مبدأ وقف العامل لمصلحة التحقيق مع عدم جواز زيادة الوقف عن عشرة أيام مع حفظ حقـه في اقتضاء أجوره عنها إذا انتهى التحقيق الى انعدام مسئوليته . كما استحدثت المادة (40) وبعـد أن قـررت التـزام صـاحب العـمل تخصيص حصيلة الجزاءات الموقعة على عماله للصرف منها على الأغراض الاجتماعية والاقتصادية والثقافية وبعد أن قررت التزام صاحب العمل بإمساك سجل للخصومات الموقعة على العمال استحدثت حكم توزيع حصيلة الجزاءات الموجودة بالصندوق على جميع العمال الموجودين في المنشأة بالتساوي في حالة تصفيتها لأي سبب من الأسباب وأحـالت الى القـرار الذي يصـدر من الـوزير المختص بالضوابط المنظمـة لهـذا الصندوق وطريقة التوزيع .

## الفصل الثالث
### في انتهاء عقد العمل ومكافأة نهاية الخدمة

يضم هذا الفصل المواد من (41) الى (55) ، ففي المادة (41) بين المشرع الأحوال التي يجوز فيها لصاحب العمل أن يفصل العامل جزائيا دون إخطار أو مكافأة أو تعـويض وهي التي تقابل المادة (48) التي تبين الأحوال التي يجوز فيها للعامل انهاء عقد العمل دون اخطار مع استحقاقه لمكافأة نهاية الخدمة كاملة . كمـا بينت هذه المادة الحالات التي يستـحق فيهـا العـامل مكافأة نهاية الخـدمـه عند فـصله ،

وأجازت للعامل المفصول حق الطعن في قرار الفصل أمام الدائرة العمالية فإذا ثبت تعسف صاحب العمل في فصله استحق مكافأة نهاية الخدمة والتعويض عن الأضرار التي لحقت به من جراء فصله وألزمت صاحب العـمل في جـميع الأحـوال ابلاغ الوزارة بقـرار الفصـل وأسبابه وتتولى الأخـيرة ابلاغ جهـاز اعادة هيكلة القوى العاملة .

وأجازت المادة (42) لصاحب العمل اعتبار العامل مستقيلا إذا انقطع عن العمل لمدة سبعة أيام متصلة أو عشرين يوما متفرقة خلال سنة وفي هذه الحـالة تسري أحكـام المادة (53) في شأن استحقاقه مكافأة نهاية الخدمة .

وتضـمـنت المادة (43) احكـامـا جـديدة تنظم استحقاقات العامل في حالة حبسه احتياطياً أو تنفيذا لحكم قضائي غير نهائي بسبب اتهام صاحب العمل له فقررت اعتبـاره موقوفـا عن العمل ولا يجوز لصاحب العمل انهاء عقده إلا إذا أدين بحكم نهائي . . . فإذا صدر الحكم ببراءته التزم صاحب العـمل بصرف أجـره عن مـدة وقفـه مع تعويضه تعويضا عادلا تقدره المحكمة .

وأوردت المادة (44) الاجـــراء الواجب اتخاذه عند انتهاء العقد غير محدد المدة وهو اخطار الطرف الآخر قبل انهاء العقد بثلاثة شهور على الاقل للعاملين بأجر شهري وشهر على الاقل للعاملين الآخـرين وحـددت التعـويض الذي يلتـزم به الطرف الذي أنهى العقد عند عدم مراعاته هذا بالأجر المساوي لنفس المهلة المحددة للاخطار .

واللوائح والتـعـاميـم التـي يصـدرها صـاحـب العمل لعماله .

وأكدت المادة (30) بأنه إذا كان عقد العمل محدد المدة وجب ألا تزيد مدته على خمس سنوات ولا تقل عن سنة واحـدة مـع جـواز تجديد مدته عند انتهائها بموافقة الطرفين .

وقررت المادة (31) أنه إذا كان عقد العمل محدد المدة واستمر الطرفان في تنفيذه بعد انقضاء مدته اعتبر العقد مجددا لمدة مماثلة وبالشـروط الـواردة فيـه وذلـك مـا لـم يتـفق الطرفان على تجديده بشروط أخرى .

وعلى أي حال إذا ما جدد العقـد محدد المدة فيتعين ألا يؤثر ذلك على الحقـوق التي نشأت للعامل في ظل العقد السابق فيستحق العامل الحقوق التي اكتسبت بموجب العقد السابق .

## الفصل الثاني
### في التزامات العامل وصاحب العمل والجزاءات التأديبية

حيث نصت المادة (32) على أن تحدد فترة التجربة في عقد العمل واشترطت ألا تزيد على مائة يوم – والمقصود بالمائة يوم مائة يوم عمل – وكـشــأن النص في القـانـون رقم 38 لسنة 1964لم تجز وضع العـامل تحت التجربة لدى صاحب العمل الواحد أكثر من مرة وأوضحت ما كان غامضا في القانون المذكور بأن أجازت لطرفي العقد انهاءه خلال فترة التجربة على أنه إذا كان الانهاء من جانب صاحب العمل التزم بدفع مكافأة نهاية الخدمة للعامل عن فترة

عمله طبقا لأحكام هذا القانون .

وجاءت المادة (33) مشابهة لحكم القانون رقم 38 لسنة 1964 من حيث ضرورة المساواة بين العمال إذا عهد صاحب العمل إلى آخر بتأدية عمل من أعماله وكان ذلك في ظروف عـمـل واحدة إذ يتـعـين المساواة بين عـمـال الطرفين ويكون كل منهما متضامنا مع الآخر في الوفاء بحقـوق عمـال صاحب العـمل الأصلي .

وألزمت المادة (34) أصحـاب الأعـمـال المرتبطين بتنفيـذ مشاريـع حكوميـة وكذلك الذين يستخدمون عمالة في المناطق البعيدة عن العمران بتوفير سكن ملائم ووسائل انتقال وحـرصت على النص على أن يكون ذلك بدون مـقـابـل وأن يمنح العـامـل بدل سكن مناسب في حالة عدم توفير السكن ويحدد بقرار من الوزير المناطق البعيدة عن العمران وشروط السكن الملائم والأنشطة والمعايير التي يلتـزم بهـا أصحـاب الأعـمـال بتوفيـر هذا السكن .

وبينت المواد (35– 40) قـواعـد التـأديب الواجب على صاحب العمل التقيد بها قبل توقيع أي جزاء على عامله والضمانات اللازمة لحفظ حق العامل في الدفاع عن نفسه لدرء المخالفات المنسوبة اليه والتزام صاحب العمل باعتماد لائحة الجزاءات قبل تطبيق أحكامها من الوزارة المختصة التي لها الحق في إجراء أية تعديلات عليها يتفق وطبيعة العمل أو ظروفه ومبدأ عدم تجاوز الخصم الموقع على أجر

36

العاشرة مساءً وحتى السابعة صباحا فيما عدا العاملات في دور العلاج أو المؤسسات الأخرى التي يصدر بها قرار من الوزير على أن تلتزم جهة العمل بتوفير متطلبات الأمن لهن مع توفير وسائل الانتقال من وإلى جهة العمل .

وحظرت المادة (23) تشغيل المرأة في الأعمال الخطرة أو الشاقة أو الضارة صحيا أو في الأعمال الضارة بالأخلاق أو في الجهات التي تقدم خدماتها للرجال فقط ، على أن يصدر قرار بتحديد تلك الأعمال والجهات من وزارة الشئون الاجتماعية والعمل .

وأما المادة (24) فقد نصت على استحقاق العاملة بسبب الوضع اجازة مدفوعة الأجر مدتها سبعون يوما بشرط أن يتم الوضع خلالها مع جواز منحها بناء على طلبها إجازة بدون أجر لمدة لا تزيد على أربعة أشهر ، ولا يجوز انهاء خدماتها أثناء اجازتها أو مرضها الثابت بشهادة طبية أثناء الحمل أو الوضع .

وفي المادة (25) أوجب المشرع منح المرأة العاملة ساعتين لإرضاع صغيرها وذلك وفقا للأوضاع والشروط التي يحددها قرار الوزارة ، كما أوجب على صاحب العمل إنشاء دور حضانة للأطفال أقل من أربع سنوات للمؤسسات التي يزيد عدد عاملاتها على 50 عاملة ، أو يتجاوز عدد العاملين بها 200 عامل .

وأوجبت المادة (26) مساواة المرأة العاملة بالرجل في تقاضي نفس الأجر مقابلا لنفس

العمل دون أي تفرقة بينهما وذلك حتى لا يكون التنظيم الخاص الوارد بالقانون بشأن تشغيل النساء مبررا أو سببا في تقرير أجر للمرأة يقل عن الأجر المقرر أو المتعارف عليه للرجل في العمل الواحد .

## الباب الثالث
## عقد العمل الفردي
## الفصل الأول :
## في تكوين عقد العمل

حيث حددت المادة (27) أهلية العامل في إبرام عقد العمل بأن يكون قد بلغ سنه عند إبرام العقد خمسة عشر عاما إذا كان العقد غير محدد المدة ، فإذا كان محدد المدة فلا يجوز أن تجاوز مدته السنة وذلك حتى يبلغ الثامنة عشرة من العمر ، وهذا الحكم يتفق مع حكم المادة (94) من القانون المدني في هذا الشأن .

وأوجبت المادة (28) بأن يكون العقد ثابتا بالكتابة ويبين فيه كافة التفاصيل المتعلقة بالعقد وأن يحرر من ثلاث نسخ نسخة لكل من طرفي العقد وتودع النسخة الثالثة لدى جهة الادارة) . . . وإذا لم يكن العقد ثابتا بالكتابة جاز للعامل إثبات حقه بكافة طرق الإثبات .

وحرصت المادة (29) على النص على أن تكون جميع العقود باللغة العربية مع جواز إضافة ترجمة لها بإحدى اللغات الأجنبية على أن يكون النص العربي هو النص المعتمد قانونا عند وقوع أي خلاف وما يسري على العقود يسري على جميع المراسلات والنشرات

العمل المختصة للتصديق عليها . وقد حظرت
هذه المادة تحديد المكافأة على أساس الانتاج أو
القطعة إبرازا للطبيعة التعليمية لعقد التلمذة
المهنية عن التشغيل العادي .

وأجازت المادة (14) لصاحب العمل أن
ينهي عقد التلمذة بسبب إخلال التلميذ المهني
في الوفاء بالتزاماته أو لعدم استعداده للتعليم ،
كما أجازت للتلميذ المهني انهاء العقد
وحددت مدة إنذار مقدارها سبعة أيام يتعين
على طرفي العقد الالتزام بها .

وبعد أن عرفت المادة (15) المقصود
بالتدريب المهني وعلى نحو ما جاء بعباراتها
الواضحة احالت المادة (16) الى قرار يصدر من
الوزير المختص يبين فيه الشروط والاوضاع
اللازم توافرها لعقد برامج التدريب المهني إلى
آخر ما جاء بهذا النص كما أجازت أن يتضمن
هذا القرار إلزام منشأة ما أو أكثر بتدريب
العمال بها في مراكز أو معاهد منشأة أخرى إذا
لم يكن للمنشأة الأولى مركز أو معهد
للتدريب .

وأوجبت المادة (17) على هذه المنشآت أن
تؤدي الى العامل أجره كاملا عن فترة تدريبه
سواء داخل المنشأة أوخارجها .

وألزمت المادة (18) كلا من التلميذ المهني
والعامل المتدرب بالعمل بعد انتهاء مدة
التعليم أو التدريب لدى صاحب العمل مدة
مماثلة لمدة التلمذة أوالتدريب وبحد أقصى
خمس سنوات . ورتبت على الاخلال بذلك
أحقية صاحب العمل في استرداد المصروفات

التي تحملها في سبيل التعليم أو التدريب بنسبة
ما تبقى من٠المدة الواجب قضاؤها في العمل .

## الفصل الثالث
## في تشغيل الأحداث

ويضم المواد من (19) إلى (21) حيث
حظرت المادة (19) تشغيل من يقل سنهم عن
خمس عشرة سنة ميلادية وتولت المادة (20)
في ثناياها تعريف الأحداث بأنهم من بلغوا
الخامسة عشرة ولم يبلغوا الثامنة عشرة
واجازت تشغيلهم بإذن من الوزارة المختصة
بشرطين أولهما أن يكون العمل في غير
الصناعات والمهن الخطرة أو المضرة بالصحة
التي يحددها قرار الوزير المختص والثاني أن يتم
توقيع الكشف الطبي على الأحداث قبل
التحاقهم بالعمل ثم في فترات دورية لا تجاوز
ستة أشهر .

وعنيت المادة(21) بتحديد ساعات العمل
اليومية للاحداث بأن وضعت لها حداً أقصى
قدره ست ساعات واشترطت عدم تشغيلهم
أكثر من أربع ساعات متتالية يتلوها فترة راحة
لاتقل عن ساعة ، وحظرت تشغيلهم ساعات
عمل اضافية أو في أيام الراحة الاسبوعية وأيام
العطل الرسمية أو من الساعة السابعة مساءً
وحتى الساعة السادسة صباحا على اعتبار أن
هذه الفترة عبارة عن ساعات الليل عادة .

## الفصل الرابع
## في تشغيل النساء

ويضم هذا الفصل المواد من (22) الى (26)
حيث حظرت المادة (22) تشغيل النساء من

الشـؤون الاجتمـاعيـة والعمل، وتتولى الاختـصـاصـات المقـررة للوزارة في هذا القانون ، وكذلك استقدام واستخدام العمالة الوافدة بناء على طلبات أصـحـاب العـمل ويصدر بتنظيمها قانون خلال سنة من تاريخ العمل بهذا القانون .

وحـددت المادة (١٥) اجـراءات وقـواعـد تشغيل غير الكويتيين على نحو يحكم رقابة الوزارة المختصة على سوق العمل وتوجيهه الى نحو يتفق مع ما تهدف اليه الدولة من إحلال القوى العاملة الكويتية بالتدريج محل القوى العـاملة الوافدة وفي هذا الاتجـاه نصت تلك المادة على أنه لا يجوز لأي صاحب عـمل أن يستقدم عمالا من الخارج أو أن يستخدم عمالا من داخل البلاد ثم يعمد الى عدم تسليمهم العمل لديه أو يثبت عدم حاجته الفعلية لهم ، وحظرت على أصـحاب الأعمال استخدام عمال غيركويتيين ما لم يكونوا حاصلين على إذن عمل من إدارة العمل المختصة للعمل لديه ، وذلك علاجـا لمشكلة استقدام عمالة أجنبية زائدة على الحاجة من ناحية وتنظيما لسوق العمل من ناحية أخرى بأن يعمل كل عـامل أجنبي لدى صـاحب العـمل الذي استقدمه ، وقررت أن يتكفل صاحب العمل بمصاريف عـودة العـامل الى بلده ، وألزمت المادة الوزارة في حالة رفض طلب صـاحب العمل استقدام عمال من الخارج أن يكون الرفض مسببا وألا يكون مقدار رأس المال سببا في الرفض وذلك لضمـان الرقـابة على أداء

الحكومة في حالة الرفض . كـما نصت المادة في نهايتها على أنه في حالةانقطاع العامل عن العـمل والتحـاقه بالعمل لدى الغير يتكفل الأخير ، بعد تقديم بلاغ تغيب بحق العامل من الكفيل الأصلي ، بمصاريف عودة العامل إلى بلده .

ونصت المادة (١١) على أن يحظر على الوزارة أن تمارس أي تمييز أو تفضيل في المعاملة بين أصـحاب العمل في منح أذونات العمل أو التحويل ، وأجازت للوزارة – لأسباب تقدرها – أن توقف إصدار أذونات العمل والتحويل لمدة لاتزيد على أسبوعين في السنة ، على أنه لايجوز استثناء بعض أصحاب الأعمال دون غيرهم خلال هذه المدة .

### الفصل الثاني
### في التلمذة والتدريب المهني

ويشمل هذا الفـصل المواد من (١٢ وحتى ١٨) وفيه استحدث القانون عقد التلمذة المهنية – وذلك لإتاحة الفرصة لخلق المناخ المناسب لتنمية القوى البشرية الوطنية اللازمة لحمل أعباء المستقبل خاصة وقد أتيحت لها فرص التدريب والتعليم .

وقـد عنيت المادة (١٢) بتعـريف التلميـذ المهني ، كـما عـمدت بالنص صـراحة على خضوع عقد التلمذة المهنية للأحكام الخاصة بتشغيل الأحداث الواردة في هذا القانون .

وأوجبت المادة (١٣) أن يكون عقد التلمذة المهنية مكتوبا ومحررا من ثلاث نسخ واحدة لكل من طرفيه وتودع النسخة الثالثة بإدارة

القطاع الأهلي وفي هذا المعنى يتعين مراعاة التعريفات الواردة لكل من العامل وصاحب العمل الواردة في المادة الأولى حتى يتحدد المراد بالعاملين في القطاع الأهلي .

وحددت المادة الثالثة مجال سريان المشروع على عقد العمل البحري فيما لم يرد بشأنه نص في قانون التجارة البحرية أو يكون النص أكثر فائدة للعامل .

وكذلك نصت المادة الرابعة على سريان أحكام المشروع على العاملين في القطاع النفطي فيما لم يرد بشأنه نص في قانون العمل في قطاع الأعمال النفطية أو يكون النص أكثر فائدة للعامل .

واستثنت المادة الخامسة من نطاق سريان القانون العمال الذين تنظم علاقاتهم أصحاب العمل قوانين أخرى . وفيما يتعلق بالعمالة المنزلية والمراد بها خدم المنازل ومن في حكمهم أحالت في تنظيم علاقاتهم مع مخدوميهم إلى قرار يصدر في هذا الشأن من الوزير المختص بشئونهم .

وأما المادة السادسة فتقرر قاعدة أصولية استقر عليها الفقه والقضاء وقننتها معظم التشريعات الحديثة وهي أن أحكام هذا القانون بكل ما نصت عليه من حقوق ومزايا للعمال تمثل الحد الأدنى الذي لا يجوز النزول عنه وأي اتفاق على خلافه يقع باطلا ، وأما المزايا والحقوق الأفضل التي تتضمنهاعقود العمل الجماعية أوالفردية أو اللوائح المعمول بها لدى أصحاب الأعمال والتي تفوق ما هو منصوص

---

عليه في هذا القانون ، فإنه يتعين بها ومعاملة العمال على أساسها .

بمعنى آخر فإنه لماكانت الحقوق والمزايا المقررة للعمال في هذا القانون تمثل الحد الأدنى الذي ضمنه المشرع لهم فإنه لا يجوز الاتفاق على المساس بهذه الحقوق ما لم يكن هذا الاتفاق أكثر فائدة للعمال ، سواء كان هذا الاتفاق عند التعاقد أو في أثناء سريان العقد تمشيا مع روح التشريع المتعلقة بالنظام العام من ناحية وأعمالا لقرينة مقطوع بها وهي أن النفس البشرية تأبى بل وتكره أن ينتقص من حقوقها بعد تقريرها .

## الباب الثاني
## في الاستخدام والتلمذة والتدريب المهني
## الفصل الأول :
## في الاستخدام

أسندت المادة (7) الى الوزير المختص (وزير الشئون الاجتماعية والعمل) إصدار القرارات المنظمة لشروط استخدام العمالة في القطاع الأهلي .

وأوجبت المادة (8) على صاحب العمل إخطار الجهة المختصة باحتياجاته من العمالة على النموذج الخاص بذلك ونوع وعدد هذه العمالة على ضوء التوسع أو الانكماش في نشاطه وذلك بشكل دوري وفقا للقرار الذي يصدره الوزير المختص في هذا الشأن .

وقررت المادة (9) انشاء هيئة عامة ذات شخصية اعتبارية وميزانية مستقلة تسمى الهيئة العامة للقوى العاملة يشرف عليها وزير

32

وإتماماً للفائدة وتحقيقاً لذات الغاية
ومحاولة للوصول الى درجة الكمال ، فقد
رؤي استطلاع رأي الجهات الحكومية ذات
العلاقة ممثلة في المؤسسة العامة للرعاية
السكنية ، التجارة والصناعة ، المجلس الأعلى
للتخطيط والتنمية ، الصحة ، العدل ، النفط ،
بلدية الكويت ، جامعة الكويت ، المؤسسة
العامة للتأمينات الاجتماعية ، الهيئة العامة
للتعليم التطبيقي والتدريب وديوان الخدمة
المدنية (الأمانة العامة للقوى العاملة) .

وشكلت لجنة لمراسلة تلك الجهـــات
وإمدادها بالصيغة شبه النهائية للمشروع
وتلقي الردود منها وإجراء المراجعة النهائية في
ضوء هذه الردود .

ولقد كانت استجـابة هذه الجهـات
ومجهـوداتها ايجابية حيث زودت اللجنة
بمقترحاتها التي كانت موضع تقدير اللجنة
واعتبارها مما ترتب عليه اعادة قراءة مواد
المشروع مادة مادة مع إعادة صياغة ما لزم
إعادة صياغته منها في ضوء هذه المقترحات
فضلا عن استحداث ما لزم استحداثه من مواد
أو فقرات جديدة .

وحرصا من الوزارة على مواكبة ما جاءت
به الاتفاقيات الدولية في شأن العمل وخاصة
تلك التي انضمـت اليهـا دولة الكويت أو
صدقت عليها فقد استعانت بمنظمة العمل
الدولية في إطار المعـونة الفنية التي تقدمهـا
المنظمة للدول الأعضاء وساهم خبراؤها في
تنقيح بعض نصوص المشروع وترتيب أبوابه

---

حتى خرج بصيغته الحالية .

ويقع المشروع في سبعة أبواب ، اختص
الباب الأول بالأحكام العـامة ، وينظم الباب
الثاني أحكام الاستخدام والتلمذة والتدريب
المهني وجاء الباب الثالث في عقد العمل
الفـردي ، والبـاب الرابع في نظام وظروف
العمل ، والباب الخامس في علاقة العمل
الجماعية والباب السادس في تفتيش العمل
والعقوبات ، وأخيرا الباب السابع في الأحكام
الختامية .

وفي كل ذلك استحدث المشروع ما ارتآه
المشرع من قواعد جديدة تتضمن ضمانات
أكـــثر لطرفي الانتاج بما يضمن العـدالة
والاستقرار في علاقات العمل في الداخل كما
يضمن مسايرة التشريعات المماثلة في الخارج
وخاصة الاتفاقيات الدولية والعربية المصدق
عليهامن جانب دولة الكويت .

وفيما يلي نلقي الضوء على مـواد القانون
حسب ترتيب أبوابه :

**الباب الأول**
**أحكام عامة**

وتضـمن هذا البـاب المواد من المادة الأولى
حتى المادة السادسة حيث حددت المادة الأولى
المقصود بعبارة الوزارة المختصة بأنها وزارة
الشئون الاجتماعية والعمل والمقصود بالوزير
المختص بأنه وزيرها كمـا احتوت تعريفا لكل
من العامل وصاحب العمل ومفهوم المنظمة .

وحددت المادة الثانية مجال سريان هذا
القانون وقررت بأنه يسري على العاملين في

صناعة النفط ثم صدر القانون رقم (28) لسنة (1969) بإلغاء هذا الباب ليحل محله في تقرير المزايا للعاملين في قطاع الأعمال النفطية وبالتالي فقد أصبح القانون الأساسي الذي يحكم العلاقات العمالية هو القانون رقم (38) لسنة (1964) في شأن العمل في القطاع الأهلي . أما القانون رقم (28) لسنة (1969) فقد اختص بقطاع الأعمال النفطية في حدود التعريفات والأحكام الواردة في هذا القانون ، وماعداها يطبق عليه قانون العمل في القطاع الأهلي باعتباره الشريعة العامة في تنظيم العلاقة بين طرفي الانتاج في هذا القطاع .

ونظراً لأن قانون العمل يستهدف غاية أساسية تعمد إلى عمل موازنة عادلة بين مصلحة العمال وحمايتهم من ناحية ومصلحة أصحاب الأعمال من ناحية ثانية وذلك لما لهذه الموازنة من آثار إيجابية على الناتج القومي بصفة عامة ، هذا وقد جد على الساحة الكويتية من المتغيرات الاجتماعية والاقتصادية ما يستدعي النظر في تعديل القانون القائم ، وشهدت الساحتان العربية والدولية كثيرا من المستجدات مما لا يمكن تجاهله – خاصة وأن الكويت من الدول المستوردة للعمالة الأجنبية ، لذلك كله أصبحت الحاجة ماسة إلى تعديل القانون رقم (38) لسنة (1964) الحالي بما يتلاءم مع المتغيرات الجديدة ، خاصة وقد مضى على تطبيق هذا القانون ما يزيد على الثلث قرن .

والتفكير الجدي في تعديل القانون كان

هناك اتجاهان – يهدف أولهما إلى تعديل بعض نصوص القانون القائم بما يتناسب مع ما أفرزته المتغيرات الاقتصادية والاجتماعية ويتوالى التعديل تباعا كلما جدت مقتضياته ، وأما الاتجاه الثاني الذي كان له الغلبة ، فيهدف إلى إصدار قانون جديد يتناسب مع ظروف المرحلة الحالية بما طرأ عليها من مستجدات على أن يوضع في الحسبان عند إعداد مشروعه التطلع إلى المستقبل وتحقيق الهدف بإحلال الأيدي العاملة الوطنية محل القوى العاملة الوافدة – كلما أمكن ذلك – وهو الأمر الذي يعد هدفا رئيسيا من أهداف الدولة يتعين الوصول إليه .

وقد قامت وزارة الشئون الاجتماعية والعمل بإعداد مشروع القانون المرفق في ضوء نظرة شاملة لقوانين العمل في المنطقة واتفاقيات العمل الدولية والعربية والاتجاهات الفقهية الحديثة والمبادئ القضائية التي أرساها القضاء الكويتي في ظل القانون الحالي ، وشكلت عدة لجان متتالية لدراسته من الوزارة وأصحاب الأعمال ممثلين بغرفة تجارة وصناعة الكويت والعمال ممثلين بالاتحاد العام لعمال الكويت ، وتمت مناقشة المشروع وتعديل وإعادة صياغة بعض مواده على مدى جلسات عديدة حتى تم إقرار القانون في صيغته شبه النهائية التي تتبنى النظرة المستقبلية وتتفادى النقص في القانون الحالي وتضع دولة الكويت في مكانها الصحيح من الدول ذات التشريعات العمالية المتقدمة .

30

مادة (147)

يجب على إدارة كتاب المحكمة أن تقوم ، في خلال ثلاثة أيام من تاريخ استلام الطلب ، بتحديد جلسة لنظر الدعوى ويعلن بها طرفا النزاع .

مادة (148)

يصدر الوزير اللوائح والقرارات اللازمة لتنفيذ هذا القانون خلال ستة أشهر من تاريخ نشر هذا القانون في الجريدة الرسمية وبالتشاور مع اصحاب العمل والعمال .

مادة (149)

يلغى القانون رقم 38 لسنة 1964 في شأن العمل في القطاع الأهلي ويحتفظ العمال بجميع الحقوق التي ترتبت عليه قبل إلغائه وتبقى كافة القرارات الصادرة تنفيذا له معمولا بها فيما لا تتعارض مع أحكام هذا القانون لحين صدور اللوائح والقرارات اللازمة لتنفيذه .

مادة (150)

على رئيس مجلس الوزراء والوزراء – كل فيما يخصه – تنفيذ هذا القانون ، ويعمل به من تاريخ نشره في الجريدة الرسمية .

أمير الكويت
صباح الأحمد الجابر الصباح

صدر بقصر السيف في : 26 صفر 1431 هـ
الموافـــــــــق : 10 فبراير 2010م

---

## المذكرة الإيضاحية
## للقانون رقم (6) لسنة 2010
## في شأن العمل في القطاع الأهلي

بظهور النفط بدولة الكويت وما ترتب عليه وما واكبه من تغيرات اجتماعية واقتصادية وسياسية ظهرت ضروب جديدة من العمل كان طبيعياً أن يعمد المشرع إلى تنظيمها على نحو يتسق مع طبيعتها ويتمشى مع روح العمل ويساير بذلك النهضة الحديثة التي اخذت تعم شتى مظاهر الحياة ، ومن هنا كان التفكير في ضرورة إصدار قانون للعمل في القطاع الأهلي لتنظيم العلاقة بين العمال وأصحاب الأعمال لما لذلك من آثاره الإيجابية على الناتج القومي من ناحية وتمشياً مع الاتجاهات العالمية في الاهتمام بالطبقة العاملة من ناحية أخرى .

وقد ظهر أول قانون لتنظيم العمل في الكويت عام (1959) وقد عدل هذا القانون بالمرسوم الأميري رقم (43) لسنة (1960) وبالقانون رقم (1) لسنة (1961) إلى أن انتهى الأمر بإلغائه بمقتضى القانون رقم (38) لسنة (1964) في شأن العمل في القطاع الأهلي . وقد أجريت على هذا القانون عدة تعديلات تستهدف منح مزايا خاصة للعمال المشتغلين في قطاع النفط بمقتضى القانون رقم (43) لسنة (1968) الذي أضاف بابا جديدا هو الباب السادس عشر في شأن تشغيل العمال في

29

باقي أحكام هذا القانون والقرارات المنفذة له
على الوجه التالي :

أ- يوجه إلى المخالف إخطار بتلافي المخالفة
خلال فترة تحددها الوزارة على ألا تزيد
على ثلاثة أشهر .

ب - إذا لم تتلاف المخالفة خلال الفترة المحددة
يعاقب المخالف بغرامة لا تقل عن مئة دينار
ولا تزيد على مائتي دينار عن كل عامل ممن
وقعت بشأنهم المخالفة ، وفي حالة العود
خلال ثلاث سنوات من تاريخ صدور
الحكم النهائي تكون العقوبة مضاعفة .

## مادة (142)

يعاقب بالحبس مدة لا تجاوز ستة أشهر
وبغرامة لا تزيد على ألف دينار أو بإحدى
هاتين العقوبتين كل من يخالف أمر الوقف او
الغلق الصادر عملا بأحكام المادة (135) دون
تلافي المخالفات التي أعلنه بها المفتش المختص .

## الباب السابع
## الأحكام الختامية
## مادة (143)

تشكل بقرار من الوزير لجنة استشارية
لشؤون العمل تضم ممثلين عن الوزارة وجهاز
إعادة هيكلة القوى العاملة والجهاز التنفيذي
ومنظمات اصحاب الأعمال والعمال ومن يراه
الوزير ، تكون مهمتها إبداء الرأي فيما يعرضه
عليها الوزير من موضوعات ، ويتضمن القرار
إجراءات دعوة اللجنة والعمل فيها وكيفية
إصدار توصياتها .

## مادة (144)

لا تسمع عند الإنكار – بمضي سنة من
تاريخ انتهاء عقد العمل الدعاوى التي يرفعها
العمال استنادا إلى أحكام هذا القانون ،
ويسري على الإنكار أحكام الفقرة (2) من
المادة (442) من القانون المدني وتعفى الدعاوى
التي يرفعها العمال أو المستحقون عنهم من
الرسوم القضائية ومع ذلك يجوز للمحكمة
عند رفض الدعاوى أن تحكم على رافعها
بالمصروفات كلها أو بعضها وتنظر الدعاوى
العمالية على وجه الاستعجال .

## مادة (145)

استثناء من حكم المادة (1074) من القانون
المدني يكون لحقوق العمال المقررة وفقا
لأحكام هذا القانون حق امتياز على جميع
أموال صاحب العمل من منقول وعقار عدا
السكن الخاص ، وتستوفى هذه المبالغ بعد
المصروفات القضائية والمبالغ المستحقة للخزانة
العامة ومصروفات الحفظ والاصلاح .

## مادة (146)

يجب أن يسبق الدعوى طلب يتقدم به
العامل أو المستحقون عنه إلى إدارة العمل
المختصة وتقوم الإدارة باستدعاء طرفي النزاع أو
من يمثلهما ، وإذا لم توفق الادارة إلى تسوية
النزاع وديا تعين عليها خلال شهر من تاريخ
تقديم الطلب إحالته إلى المحكمة الكلية للفصل
فيه .

وتكون الإحالة بمذكرة تتضمن ملخصا
للنزاع ودفوع الطرفين وملاحظات الادارة

كما يكون لهم تحرير محاضر المخالفات لأصحاب الأعمال ومنحهم المهلة اللازمة لتلافي المخالفة وإحالة محاضر المخالفات للمحكمة المختصة لتوقيع العقوبة المنصوص عليها في هذا القانون .

### مادة (135)

يكون للموظفين المختصين بالتفتيش ، في حالة مخالفة صاحب العمل أحكام المواد (83 ، 84 ، 86) من هذا القانون والقرارات الصادرة تنفيذا له على نحو يهدد تلوث البيئة والصحة العامة أو بصحة العمال أو سلامتهم ، أن يحرروا محضرا بالمخالفة ورفعه إلى الوزير المختص الذي له بالتنسيق مع الجهات المختصة أن يصدر قرارا بغلق المحل كليا أو جزئيا أو وقف استعمال آلة أو آلات معينة لحين تلافي المخالفة .

### مادة (136)

يكون للموظفين المختصين بالتفتيش صلاحية تحرير إخطارات المخالفات للعمالة التي تعمل من دون مركز عمل محدد ، ولهم في سبيل ذلك الاستعانة بالسلطات العامة والتنسيق مع الجهات المعنية بشأن البضائع التي تتركها أي من العمالة المذكورة ولا يستدل على أصحابها .

### الفصل الثاني
### في العقوبات
### مادة (137)

مع عدم الإخلال بأي عقوبة أشد ينص

عليها أي قانون آخر يعاقب بغرامة لا تجاوز خمسمائة دينار كل من خالف أحكام المادتين (8 ، 35) من هذا القانون ، وفي حالة العود خلال ثلاث سنوات من تاريخ الحكم النهائي ، تكون العقوبة مضاعفة .

### مادة (138)

مع عدم الاخلال بأي عقوبة أشد ينص عليها أي قانون آخر يعاقب بالحبس مدة لا تجاوز ثلاث سنوات وبغرامة لا تقل عن ألف دينار ولا تزيد على خمسة آلاف دينار أو بإحدى هاتين العقوبتين ، كل من خالف حكم الفقرة الثالثة من المادة (10) من هذا القانون .

### المادة (139)

في حالة مخالفة أحكام المادة (57) من هذا القانون يعاقب صاحب العمل بغرامة لا تجاوز مجموع مستحقات العاملين التي تخلف عن دفعها ، وذلك دون الإخلال بالتزاماته بدفع هذه المستحقات للعاملين وبذات الإجراءات المنصوص عليها في المادة (57) المشار اليها .

### مادة (140)

مع عدم الاخلال بأي عقوبة أشد ينص عليها أي قانون آخر يعاقب بغرامة لا تجاوز ألف دينار كل من لم يمكن الموظفين المختصين الذين يحددهم الوزير من أداء واجبهم المنصوص عليه في المادتين (133 ، 134) من هذا القانون .

### مادة (141)

مع عدم الإخلال بأي عقوبة أشد ينص عليها أي قانون آخر ، يعاقب كل من يخالف

الى إدارة الكتـــاب ويجب أن يعلن كل من طرفي النزاع بميعاد الجلسة قبل انعقادها بمدة لا تقل عن اسـبـوع ، على أن يتم الفـصـل في المنازعة خلال فترة لا تتجاوز ثلاثة أشهر من تاريخ أول جلسة لنظرها .

## مادة (130)

لهيئة التحكيم كل ما لمحكمة الاستئناف من صلاحيات طبقاً لأحكام القانون تنظيم القضاء وأحكام قـانون المرافعـات المدنيـة والتـجـارية وتصـدر قراراتها مسببة وتكون بمثابة الأحكام الصادرة من محكمة الاستئناف .

## مادة (131)

اسـتـثـناء من حكم المادة (126) من هذا القانون يجوز للوزارة المختصة في حالة قيام منازعة جماعية إذا دعت الضرورة أن تتدخل دون طلب من أحد المتنازعين لتسوية النزاع ودياً كـمـا يجـوز لهـا إحـالة النزاع إلى لجنة التوفيق أو هيئة التحكيم حسبما تراه ويجب على المتنازعين في هذه الحـالة تقـديم كـافـة المستندات التي تطلبها الوزارة المختصة كما يلزم حضورهم عند دعوتهم للحضور .

## مادة (132)

يحظر على طرفي المنازعة وقف العمل كلياً أو جزئياً أثناء إجراءات المفاوضة المباشرة او أمام لجنة التوفيق أو أمام هيئة التحكيم أو بسبب تدخل الوزارة المختصة في المنازعـات عمـلاً بأحكام هذا الباب .

## الباب السادس
## في تفتيش العمل والعقوبات
## الفصل الأول
## في تفتيش العمل
## مادة (133)

يكون للموظفين المختصين الذين يحددهم الوزير ، بقرار يصدره صفة الضبطية القضائية لمراقبة تنفيذ هذا القانون واللوائح والقرارات المنفذة له ، ويتعين على هؤلاء الموظفين أداء أعمالهم بأمانة ونزاهة وحياد . والالتزام بعدم إفشاء أسرار مهن أصحاب العمل التي يطلعون عليها بحكم عملهم ، ويؤدي كل منهم أمام الوزير القسم التالي :

«أقسم بالله العظيم أن أؤدي عملي بالأمانة والحيدة والنزاهة والصدق ، وأن أحافظ على سرية المعلومات التي أطلع عليها بحكم عملي حتى بعد انتهاء خدمتي».

## مادة (134)

يكون للموظفين المشار إليهم بالمادة السابقة حق دخول أماكن العمل خلال ساعات العمل الرسميـة للمنشأة والاطلاع على السجلات والدفاتر وطلب البيانات والمعلومات المتعلقة بشؤون العمـالة ، ولهم في ذلك حق فحص وأخـذ عـينـات من المواد المتـداولة بغـرض التحليل ولهم أيضاً حق دخول الأماكن التي يخصصها أصحاب العمل لأغراض الخدمات العمالية ، ولهم أن يستعينوا بالقوة العامة في سبيل تنفيذ مهام عملهم .

26

## مادة (124)

إذا نشأت منازعات جماعية فعلى طرفيها اللجوء الى المفاوضة المباشرة بين صاحب العمل أو من يمثله وبين العمال أو من يمثلهم . وللوزارة المختصة إيفاد مندوب عنها لحضور هذه المفاوضات بصفة مراقب .

وفي حالة الاتفاق في ما بينهم فإنه يتعين تسجيل هذا الاتفاق لدى الوزارة المختصة خلال خمسة عشر يوماً وفقاً للقواعد التي تصدر بقرار من الوزير .

## مادة (125)

لأي من طرفي المنازعـــــة – إذا لم تؤد المفاوضة المباشرة لحلها – أن يتقـدم للوزارة المختصة بطلب لتسوية المنازعة ودياً عن طريق لجنة التوفيق في منازعات العمل الجماعية التي يصدر بتشكيلها قرار من الوزير .

ويجب أن يكون الطلب موقعاً من صاحب العمل أو وكيله المفوض أو من أغلبية العمال المتنازعين أو ممن يفوضونه في تمثيلهم .

## مادة (126)

تشكل لجنة التوفيق في منازعات العمل من :

أ– ممثلين تختـارهمـا النقابة أو العمـال المتنازعين .

ب– ممثلين يختـارهمـا صـاحب العمـل أو أصحاب الأعمال المتنازعين .

ج– رئيس اللجنة وممثلين عن الوزارة المختصة يعينهم الوزير المختص بقرار يحدد فيه أيضاً عدد ممثلي أطراف النزاع .

---

وللجنة أن تستـعين برأي من تراه في أداء مهمتها . وفي جميع المراحل السابقة يجوز للوزارة المختصة أن تطلب المعلومات التي تراها ضرورية لحل المنازعة .

## مادة (127)

على لجنة التوفيق أن تنتهي من نظر المنازعة خلال شهر واحد من تاريخ ورود الطلب إليها فإذا تمكنت من تسويتها كلياً أو جزئياً وجب إثبات ما تم الاتفاق بشأنه في محضر من ثلاث نسخ ويوقع عليه من الحاضرين ويعتبر اتفاقاً نهائياً وملزماً للطرفين وإذا لم تتمكن لجنة التوفيق من تسوية المنازعة خلال المدة المحددة وجب عليهـا إحالتها أو إحالة مـا لم يتم الاتفاق بشأنه منها خلال أسبوع من تاريخ آخر اجتماع لهـا الى هيئـة التحكيم مشـفوعـاً بكافة المستندات .

## مادة (128)

تشكل هيئة التحكيم في منازعات العمل الجماعية على النحو التالي :

1 - إحدى دوائر محكمة الاستئناف تعينها الجمعية العمومية لهذه المحكمة سنوياً .

2 - رئيس نيابة ينتدبه النائب العام .

3 - ممثل للوزارة المختصة يعينه وزيرها ويحضر أمام الهيئـة أطراف المنازعة أو من يمثلهم قانوناً .

## مادة (129)

تنظر هيئـة التحكيم المنازعة في ميعاد لا يتجاوز عشرين يوماً من تاريخ وصول أوراقها

الوطني ، فإذا أبرم عقد العمل الجماعي على مستوى الصناعة وجب أن يبرمه عن العمال اتحاد نقابات الصناعة ، وإذا أبرم على المستوى الوطني وجب أن يبرمه الاتحاد العام للعمال ويعتبر العقد المبرم على مستوى الصناعة تعديلاً للعقد المبرم على مستوى المنشأة والعقد المبرم على المستوى الوطني تعديلاً لأي من العقدين الآخرين وذلك في حدود ما يرد فيهما من أحكام مشتركة .

## مادة (١١٨)

تسري أحكام عقد العمل الجماعي على :

أ‍- نقابات العمال واتحاداتهم التي أبرمت العقد أو انضمت إليه بعد إبرامه .

ب‍- أصحاب الأعمال أو اتحاداتهم الذين أبرموا العقد أو انضموا إليه بعد إبرامه .

ج‍- النقابات المنظمة للاتحاد الذي أبرم العقد أو انضم اليه بعد إبرامه .

د‍- أصحاب الأعمال الذين انضموا للاتحاد الذي أبرم العقد أو انضم إليه بعد إبرامه .

## مادة (١١٩)

انسحاب العمال من النقابة أو فصلهم منها لا يؤثر على خضوعهم لأحكام عقد العمل الجماعي إذا كان الانسحاب او الفصل لاحقاً على تاريخ إبرام النقابة للعقد او انضمامها اليه .

## مادة (١٢٠)

يجوز لغير المتعاقدين من نقابات العمال او اتحاداتهم او أصحاب الأعمال او اتحاداتهم الانضمام الى عقد العمل الجماعي بعد نشر

ملخصه في الجريدة الرسمية وذلك باتفاق الطرفين طالبي الانضمام دون حاجة الى موافقة المتعاقدين الأصليين ، ويكون الانضمام بطلب يقدم إلى الوزارة المختصة موقع من الطرفين وتنشر موافقة الوزارة المختصة على طلب الانضمام في الجريدة الرسمية .

## مادة (١٢١)

يسري عقد العمل الجماعي الذي تبرمه نقابة المنشأة على جميع عمال المنشأة ولو لم يكونوا أعضاء في النقابة وذلك مع عدم الاخلال بحكم المادة (١١٥) من هذا القانون في ما يتعلق بالشروط الأكثر فائدة للعامل ، أما العقد الذي يبرمه اتحاد أو نقابة مع صاحب عمل معين فإنه لا يسري إلا على عمال صاحب العمل المعني بذلك .

## مادة (١٢٢)

لمنظمات العمال وأصحاب الأعمال التي تكون طرفاً في عقد العمل الجماعي أن ترفع جميع الدعاوى الناشئة عن الإخلال بأحكام العقد لمصلحة أي عضو من أعضائها دون الحاجة إلى توكيل منه بذلك .

## الفصل الثالث
## في منازعات العمل الجماعية

## مادة (١٢٣)

منازعات العمل الجماعية هي المنازعات التي تنشأ بين واحد أو أكثر من أصحاب العمل وجميع عماله أو فريق منهم بسبب العمل أو بسبب شروط العمل .

شؤون النقابة مع جهة العمل أو الجهات المعنية في الدولة .

## الفصل الثاني
## في عقد العمل الجماعي

### مادة (111)

عقد العمل الجماعي هو العقد الذي ينظم شروط العمل وظروفه بين نقابة أو اتحاد عمال أو أكثر وبين صاحب عمل أو أكثر أو من يمثلهم من اتحادات أصحاب الأعمال .

### مادة (112)

يجب أن يكون عقد العمل الجماعي مكتوبا وموقعا من العامل وأن يعرض على الجمعية العمومية لكل من منظمات العمال وأصحاب الأعمال أو طرفيه ، وأن يوافق عليه أعضاؤها وفقاً لأحكام النظام الأساسي للمنظمة .

### مادة (113)

يجب أن يكون عقد العمل الجماعي محدد المدة على ألا تزيد مدته على ثلاث سنوات ، فإذا استمر طرفاه في تنفيذه بعد انقضاء مدته اعتبر مجدداً لمدة سنة واحدة بنفس الشروط الواردة فيه ما لم يرد بشروط العقد ما يخالف ذلك .

### مادة (114)

إذا رغب أحد طرفي عقد العمل الجماعي في عدم تجديده بعد انتهاء مدته وجب عليه أن يخطر الطرف الآخر والوزارة المختصة كتابة قبل ثلاثة أشهر على الأقل من تاريخ انتهاء العقد ،

---

وإذا تعددت أطراف العقد فلا يترتب على انقضائه بالنسبة لأحدهم انقضاؤه بالنسبة للآخرين .

### مادة (115)

(1) يقع باطلاً كل شرط في عقد العمل الفردي أو عقود العمل الجماعية يخالف أحكام هذا القانون ولو كان سابقاً على تنفيذه ما لم يكن الشرط أكثر فائدة للعامل .

(2) يقع باطلاً كل شرط أو اتفاق أبرم قبل العمل بهذا القانون أو بعده يتنازل بموجبه العامل عن أي حق من الحقوق التي يمنحها القانون ، كما يقع باطلاً كل تصالح أو مخالصة تتضمن إنقاصاً أو إبراء من حقوق العامل الناشئة له بموجب عقد العمل خلال فترة سريانه أو ثلاثة أشهر من تاريخ انتهائه متى كانت مخالفة لأحكام هذا القانون .

### مادة (116)

لا يكون عقد العمل الجماعي نافذاً إلا بعد تسجيله لدى الوزارة المختصة ونشر ملخصه في الجريدة الرسمية .

ويجوز للوزارة المختصة أن تعترض على الشروط التي تراها مخالفة للقانون ، وعلى الطرفين تعديل العقد خلال خمسة عشر يوماً من تاريخ استلام الاعتراض وإلا اعتبر طلب التسجيل كأن لم يكن .

### مادة (117)

يجوز أن يبرم عقد العمل الجماعي على مستوى المنشأة أو الصناعة أو على المستوى

23

الأهداف الواردة في النظام الأساسي للمنظمة دون تجاوز لهذه الأهداف أو الخروج عنها .

## مادة (104)

على الوزارة إرشاد المنظمات النقابية ومنظمات أصحاب الأعمال نحو التطبيق السليم للقانون وكيفية القيد في السجلات والدفاتر المالية الخاصة بكل منها وإرشادها نحو تدارك أي نقص في البيانات والقيود المدونة بها .

ويحظر على النقابات :

1 - الاشتغال بالمسائل السياسية والدينية أو المذهبية .

2 - توظيف أموالها في مضاربات مالية أو عقارية أو غيرها من أنواع المضاربات ،

3- قبول الهبات والوصايا ، إلا بعد علم الوزارة .

## المادة (105)

يحق للنقابات بعد موافقة رب العمل والجهات المعنية في الدولة ، فتح مقاصف ومطاعم لخدمة العمال داخل إطار المؤسسة .

## المادة (106)

للنقابات المشهرة وفقاً لأحكام هذا الباب أن تكون فيما بينها اتحادات ترعى مصالحها المشتركة وللاتحادات المشهرة وفقا لأحكام هذا القانون أن تكون فيما بينها اتحادا عاما على ألا يكون هناك أكثر من اتحاد عام واحد لكل من العمال وأصحاب العمل ، ويتبع في تكوين الاتحادات والاتحاد العام ذات الإجراءات الخاصة بتكوين النقابات .

## مادة (107)

للاتحادات والاتحاد العام والنقابات الحق في الانضمام إلى اتحادات عربية أو دولية ترى أن مصالحها ترتبط بها ، على أن تخطر الوزارة بتاريخ انضمامها ، وفي جميع الأحوال يراعى في ذلك ألا يكون الانضمام مخالفا للنظام العام أو المصلحة العامة للدولة .

## مادة (108)

يجوز حل منظمات أصحاب الأعمال والعمال حلا اختياريا بقرار يصدر من الجمعية العمومية طبقا للنظام الأساسي للمنظمة ، ويتحدد مصير أموال النقابة بعد تصفيتها طبقا للقرار الذي تتخذه الجمعية العمومية في حالة الحل الاختياري .

كما يجوز حل مجلس إدارة المنظمة عن طريق إقامة دعوى من الوزارة أمام المحكمة الكلية لتصدر حكما بحل مجلس الإدارة إذا قام بعمل يعتبر مخالفا لأحكام هذا القانون والقوانين المتعلقة بحفظ النظام العام والآداب ، ويجوز استئناف حكم المحكمة خلال 30 يوماً من تاريخ صدوره لدى محكمة الاستئناف .

## مادة (109)

يجب على أصحاب الأعمال تزويد العمال بكافة القرارات واللوائح المتعلقة بحقوقهم وواجباتهم .

## مادة (110)

يجوز لرب العمل أن يفرغ عضواً أو أكثر من أعضاء مجلس إدارة النقابة أو الاتحاد لمتابعة

22

والنفطي فيمـا لا يتعـارض مع القـوانين التي
تنظم شؤونهم .

## مادة (99)

لجميع العمال الكويتيين الحق في أن يكونوا
في ما بينهم نقابات ترعى مصـالحهم وتعمل
على تحسين حـالتـهم المادية والاجتمـاعـية
وتمثلهم في جـمـيع الأمـور الخـاصـة بهم ،
ولأصحاب الأعمال حق تكوين اتحادات لهم
لذات الأهداف .

## مادة (100)

يتبع في إجراءات تأسيس المنظمة ما يأتي :

١ - اجتماع عدد من العمال الراغبين في
تأسيس نقابة أو عدد من أصحـاب الأعمال
الراغبين في تأسيس اتحاد وذلك بصفة جمعية
عمومية تأسيسية لأي من الفريقين من خلال
الإعلان عن ذلك في صحيفتين يوميتين على
الأقل بمدة لا تقل عن أسـبـوعـين من تاريخ
انعقاد الجمعية العـمـومية مع تحـديد مكان
الانعقاد ووقته وأهدافه .

٢ - تقوم الجمعية العمومية التأسيسية بإقرار
لائحـة النظام الأسـاسـي للمنظمة ولهـا أن
تسترشد في ذلك باللائحة النمـوذجية التي
يصدر بها قرار من الوزير .

٣ - تنتخب الجمعية التأسيسية مجلس
الإدارة وفـقـا للأحكام الواردة في نظامهـا
الأساسي .

## مادة (101)

يبين النظام الأسـاسي للمنظمة أهدافهـا
وأغـراضهـا التي أنشئت من أجلهـا وشروط

---

عضـويتهـا وحـقـوق أعـضـائهـا وواجبـاتهم
والاشـتـراكـات التي تحـصل من الأعـضـاء
واختصاصات الجمعية العمومية العادية وغير
العادية وعدد أعضاء مجلس الإدارة وشروط
عضويته ومدته واختصاصاته والقواعد المتعلقة
بالميزانية وإجراءات تعديل التعليم الأساسي
للمنظمة وإجراءات حلها وكيفيـة تصفيـة
أموالها وكذلك السجلات والدفاتر التي تحتفظ
بها المنظمة وأسس الرقابة الذاتية .

## مادة (102)

على مـجلس الإدارة المنتخب أن يودع ،
خلال خمسة عشر يوما من تاريخ انتخابه ،
أوراق تأسيس المنظمة لدى الوزارة .

وتثبت الشخصية الاعتبارية للمنظمة
اعتبارا من تاريخ صدور قرار الوزير بالموافقة
على إنشـائهـا بعـد إيداع الأوراق كـاملة
ومستوفاة لدى الوزارة .

وللوزارة إرشـاد وتوجيـه المنظمة نحـو
تصحيح إجراءات تأسيسها واستيفاء أوراق
التأسيس قبل إشهـارها ، فـإذا لم تقم الوزارة
بالرد خلال خمسة عشر يوما من تاريخ إيداع
الأوراق تثبت الشخصية الاعتبارية للمنظمة
بقوة القانون .

## مادة (103)

على العـمـال وأصـحـاب الأعـمـال
ومنظماتهم ، عند تمتعهم بالحقوق الواردة في
هذا الباب ، احترام كافة القوانين السارية في
الدولة شأنهم في ذلك شأن جميع الجهات
المنظمـة وأن يمارسـوا نشـاطهم في حـدود

21

مادة (93)

للعامل المصاب بإصابة عمل أو مرض مهني الحق في تقاضي أجره طوال فترة العلاج التي يحددها الطبيب وإذا زادت فترة العلاج على ستة أشهر يدفع له نصف الأجر فقط حتى شفاؤه أو تثبت عاهته أو يتوفى .

مادة (94)

للعامل المصاب أو المستحقين عنه الحق في التعويض عن إصابة العمل أو أمراض المهنة طبقاً للجدول الذي يصدر بقرار من الوزير وذلك بعد أخذ رأي وزير الصحة .

مادة (95)

يسقط حق العامل في التعويض عن الإصابة إذا ثبت من التحقيق :

أ – أن العامل قد تعمد إصابة نفسه .

ب – أن الإصابة قد حدثت بسبب سوء سلوك فاحش ومقصود من العامل ، ويعتبر في حكم ذلك كل فعل يأتيه المصاب تحت تأثير الخمر أو المخدرات ، وكل مخالفة للتعليمات الخاصة بالوقاية من أخطار العمل وأضرار المهنة المعلقة في مكان ظاهر من أماكن العمل ، هذا ما لم تنشأ عن الإصابة وفاة العامل أو تخلف عجزاً مستديماً تزيد نسبته على ( 25 في المئة ) من العجز الكلي .

مادة (96)

إذا أصيب العامل بأحد أمراض المهنة أو ظهرت أعراض أمراض المهنة عليه أثناء الخدمة

أو خلال سنة من ترك العمل ، سرت عليه أحكام المواد ( 93 ، 94 ، 95 ) من هذا القانون .

مادة (97)

1 - يحدد التقرير الطبي الصادر من الطبيب المعالج أو ما قررته لجنة التحكيم الطبي عن حالة العامل المصاب مسؤولية أصحاب الأعمال السابقين ويلزم هؤلاء – كل بنسبة المدة التي قضاها العامل في خدمته – إذا كانت الصناعات والأعمال التي يمارسونها مما ينشأ عنه المرض المصاب به العامل .

2 - يتقاضى العامل أو المستحقون من بعده التعويض المنصوص عليه في المادة (94) من المؤسسة العامة للتأمينات الاجتماعية أو شركة التأمين المؤمن لديها – بحسب الأحوال – ولكل منهما الرجوع إلى أصحاب الأعمال السابقين في التزاماتهم المنصوص عليها في الفقرة (1) من هذه المادة .

الباب الخامس

في علاقة العمل الجماعية

الفصل الأول

منظمات العمال وأصحاب الأعمال

والحق النقابي

مادة (98)

حق تكوين اتحادات لأصحاب الأعمال ، وحق التنظيم النقابي للعمال مكفول وفقا لأحكام هذا القانون ، وتسري أحكام هذا الباب على العاملين في القطاع الأهلي وتطبق أحكامه على العاملين في القطاعين الحكومي

الوقاية ويتعهد باستعمال ما بحوزته بعناية وأن ينفذ التعليمات الموضوعة لسلامته وصحته ووقايته من الإصابات وأمراض المهنة .

**مادة (88)**

مع مراعاة أحكام قانون التأمينات الاجتماعية يلتزم صاحب العمل بالتأمين على عماله لدى شركات التأمين ضد إصابات العمل وأمراض المهنة .

**الفرع الثاني**
**في إصابات العمل وأمراض المهنة**
**مادة (89)**

عند تطبيق أحكام تأمين اصابات العمل وفقا لقانون التأمينات الاجتماعية تحل هذه الأحكام بالنسبة للمؤمن عليهم الخاضعين لهذا التأمين محل الأحكام الواردة في المواد التالية بالنسبة لإصابات العمل وأمراض المهنة .

**مادة (90)**

اذا اصيب العامل في حادث بسبب العمل أو في اثنائه أو في الطريق إلى العمل والعودة منه كان على صاحب العمل ابلاغ الحادث فور وقوعه او فور علمه به ، بحسب الاحوال ، إلى كل من :

أ- مخفر الشرطة الواقع في دائرة اختصاصه محل العمل .

ب- إدارة العمل الواقع في دائرة اختصاصها محل العمل .

---

ج- مؤسسة التأمينات الاجتماعية أو شركة التأمين المؤمن على العمال لديها ضد إصابات العمل . ويجوز أن يقوم العامل بهذا الإبلاغ اذا سمحت حالته بذلك كما يجوز لمن يمثله القيام به .

**مادة (91)**

مع عدم الإخلال بأحكام القانون رقم (1) لسنة 1999 في شأن التأمين الصحي على الأجانب وفرض رسوم مقابل الخدمات الصحية يتحمل صاحب العمل نفقات علاج العامل المصاب من إصابات العمل وأمراض المهنة بأحد المستشفيات الحكومية أو دور العلاج الأهلية التي يحددها بما في ذلك قيمة الأدوية ومصروفات الانتقال ويحدد الطبيب المعالج في تقريره فترة العلاج ونسبة العجز المتخلف عن الإصابة ومدى قدرة العامل على الاستمرار في مباشرة العمل .

ويجوز لكل من العامل وصاحب العمل ، بطلب يقدم للإدارة المختصة ، الاعتراض على التقرير الطبي خلال شهر من تاريخ العلم به أمام لجنة التحكيم الطبي بوزارة الصحة .

**مادة (92)**

يجب على كل صاحب عمل أن يوافي الوزارة المختصة بإحصائية عن حوادث إصابات العمل وأمراض المهنة التي وقعت بمنشأته بشكل دوري .

ويصدر الوزير قراراً بالمواعيد المحددة لذلك .

والجزاءات التي وقعت عليه وتاريخ انتهـاء الخدمة واسباب انتهائها ونسخة من ايصالات استلامه لما يكون قـد اودعـه لدى صـاحب العمل من اوراق وادوات وشهـادات الخـبرة التي سلمت إليه بعد انتهاء عمله .

### مادة ( 81 )

يجب على كل صاحب عـمل أن يحتفظ بسجلات السلامة المهنية وفقا للنماذج والضوابط التي يصدر بشأنها قرار من الوزير .

### مادة ( 82 )

يجب على صاحب العـمل أن يعلق في مكان ظاهر بمقر العمل لائحة معتمدة من إدارة العمل المختصة تتضمن على وجه الخصوص اوقات العمل اليومية وفترة الراحة خلالها والراحة الاسبوعية والإجازات الرسمية .

### مادة ( 83 )

يجب على صاحب العمل اتخاذ كـافة احتياطات السلامة اللازمة لحماية العمال والآلات والمواد المتداولة في المنشأة والمترددين عليها من مخاطر العمل مع توفير وسائل السلامة والصحة المهنية اللازمة لذلك والتي يصدر بشأنها قرار من الوزير المختص بعد اخذ رأي الجهات المعنية .

ولا يجوز تحميل العامل أي نفقـات او اقتطاع مبالغ من أجره مقابل توفير وسائل الحماية له .

### مادة ( 84 )

يجب على صاحب العمل أن يبين للعامل

---

قبل مزاولة العمل المخاطر التي قد يتعرض لها ووسائل الوقاية التي يجب عليه اتخاذها ويصدر الوزير القرارات الخاصة بالتعليمات والعلامات التحـذيرية التي توضع في أمـاكن ظاهرة بمكان العمل وادوات السلامة الشخصية التي يلتزم صاحب العمل بتوفيرها في الانشطة المختلفة .

### مادة ( 85 )

يصدر الوزير بعد اخذ رأي الجهات المعنية قرارا بتحديد انواع الانشطة التي تلتزم بتوفير المعدات والوسائل اللازمة للسلامة والصحة المهنية للعاملين في المنشآت مع تعيين فنيين او متـخـصـصـين في الرقـابة على مـدى توافـر اشتراطات السلامة والصحة المهنية للمنشأة ويحـدد القـرار مـؤهلات وواجبـات هؤلاء الفنيين والمتخصصين وبرامج تدريبهم .

### مادة ( 86 )

يجب على صـاحـب العـمـل اتخـاذ الاحتـيـاطـات الكفيلة لحماية العامل من الاضرار الصحية وامراض المهنة التي تنشأ من مزاولة العمل وأن يوفر وسائل الاسعافات الاولية والخدمات الطبية .

وللوزير بعد اخذ رأي وزارة الصحة إصدار القرارات التي تنظم الاحتـيـاطات وجـدول امراض المهنة والصناعات والاعمال المسببة لها وجـدول المواد الضارة ودرجـات التـركـيـز المسموح بها .

### مادة ( 87 )

يجب على العامل أن يستعمل وسائل

## مادة (74)

مع عــدم الاخـــلال بأحكام المادة (72) لا يجوز للعامل أن يتنازل عن إجـــازته السنوية بعوض او بغير عوض ولصاحب العمل أن يسترد ما اداه له من اجر عنها اذا ثبت اشتغاله خلالها لدى صاحب عمل آخر .

## مادة (75)

يجوز لصاحب العمل منح العامل إجازة دراسية بأجر للحصول على مؤهل اعلى في مجال عمله على أن يلتزم بأن يعمل لديه مدة مماثلة لفترة الإجازة الدراسية بحد اقصى قدره خمس سنوات ، وفي حالة اخلال العامل بهذا الشرط يلتزم برد الأجور التي تقاضاها خلال فترة الإجازة بنسبة ما تبقى من المدة الواجب قضاؤها في العمل .

## مادة (76)

للعــامل الذي امضى سنتين مـتصلتين في خدمة صاحب العمل الحق في إجازة مدفوعة الاجـــر مدتها واحد وعشرون يوما لاداء فريضة الحج شـريطة ألايكون قـد ادى الفـريضة قـبل ذلك .

## مادة (77)

للعــامل في حـالة وفـاة احـد اقـاربـه من الدرجة الاولى او الثانية الحق في إجازة بأجر كامل مدتها ثلاثة ايام .

وللمرأة العاملة المسلمة التي يتوفى زوجها الحق في إجازة عدة بأجر كامل لمدة أربعة اشهر وعشرة ايام من تاريخ الوفاة ، على ألاتمارس

اي عمل لدى الغير طوال فترة الإجازة وتنظم شروط منح هذه الإجازة بقرار من الوزير .

وتمنح المرأة العاملة غير المسلمة المتوفى عنها زوجها إجازة لمدة واحد وعشرين يوما مدفوعة الراتب .

## مادة (78)

يجوز لصاحب العمل منح العامل إجازة مدفوعة الأجر لحضور المؤتمرات واللقاءات الدورية والاجتماعية العمالية .

ويصدر الوزير قرارا بشروط وقواعد منح هذه الإجازة .

## مادة (79)

يجوز لصاحب العمل منح العامل ، بناء على طلبه إجازة خاصة من دون اجر خلاف الإجازات المشار إليها في هذا الفصل .

## الفصل الرابع
## في السلامة والصحة المهنية
## الفرع الأول
## في قواعد حفظ السلامة والصحة المهنية

## مادة (80)

يجب على كل صاحب عمل أن يحتفظ لكل عامل بملف عمل يحتوي على نسخة من اذن العمل ونسخة من عقد العمل وصورة عن البطاقـة المدنيـة والمسـتندات الدالة على الاجازات السنوية والمرضية وساعات العمل الاضـافية وإصابات العمل وامراض المهنة

17

هـ – عيد الأضحى المبارك      ثلاثة أيام .

و – المولد النبوي الشريف      يوم واحد .

ز – اليوم الوطني   25فبراير يوم واحد .

ح – يوم التحرير  26فبراير    يوم واحد .

ط – يوم رأس السنة الميلادية  يوم واحد .

وإذا استدعت ظروف العمل تشغيل العامل في أحد هذه الأيام قرر له أجر مضاعف عنه مع تعويضه بيوم بديل .

## مادة (69)

مع مراعاة حكم المادة (24) من هذا القانون للعامل الحق في الإجازات المرضية الآتية خلال السنة :

– خمسة عشر يوما – بأجر كامل .

– عشرة أيام – بثلاثة أرباع الأجر .

– عشرة أيام – بنصف الأجر .

– عشرة أيام – بربع الأجر .

– ثلاثون يوما – من دون أجر .

ويثبت المرض الذي يقتضي الإجازة بشهادة من الطبيب الذي يعينه صاحب العمل اوالطبيب المسؤول في الوحدة الصحية الحكومية ، فإذا وقع خلاف في شأن استحقاق الإجازة أو مدتها فإن شهادة الطبيب الحكومي تكون هي المعتمدة .

اما ما يخص الامراض المستعصية فتستثنى بقرار من الوزير المختص ، يحدد فيه نوع هذه الأمراض .

## الفصل الثالث
## الإجازات السنوية مدفوعة الأجر

### مادة (70)

للعامل الحق في إجازة سنوية مدفوعة الاجر مدتها ثلاثون يوما .

ولا يستحق العامل إجازة عن السنة الاولى إلا بعد قضائه تسعة اشهر على الاقل في خدمة صاحب العمل ولا تحسب ضمن الإجازة السنوية أيام العطل الرسمية وايام الإجازات المرضية الواقعة خلالها ويستحق العامل إجازة عن كسور السنة بنسبة ما قضاه منها في العمل ولو كانت السنة الاولى من الخدمة .

### مادة (71)

يدفع للعامل أجره المستحق عن الإجازة السنوية قبل القيام بها .

### مادة (72)

لصاحب العمل حق تحديد موعد الإجازة السنوية كما يجوز له تجزئتها برضاء العامل بعد الاربعة عشر يوما الاولى منها .

وللعامل حق تجميع إجازاته بما لا يزيد على إجازة سنتين وله بعد موافقة صاحب العمل القيام بها دفعة واحدة ويجوز بموافقة الطرفين تجميع الاجازات السنوية لأكثر من سنتين .

### مادة (73)

مع عدم الاخلال بأحكام المادتين (70) و(71) للعامل الحق في الحصول على مقابل نقدي لايام اجازاته السنوية المجتمعة في حالة انتهاء عقده .

16

مادة (65)

أ – لا يجوز تشغيل العامل أكثر من خمس ساعات متصلة يوميا دون أن يعقبها فترة راحة لا تقل عن ساعة ولا تحسب فترات الراحة ضمن ساعات العمل .

ويستثنى من ذلك القطاع المصرفي والمالي والاستثماري فتكون ساعات العمل ثماني ساعات متصلة .

ب – يجوز بعد موافقة الوزير تشغيل العمال من دون فترة راحة لأسباب فنية أو طارئة أو في الأعمال المكتبية شريطة أن يقل مجموع ساعات العمل اليومية وفقا لما نصت عليه المادة (64) من هذا القانون بساعة واحدة على الأقل .

مادة (66)

مع عدم الإخلال بأحكام المادتين (21) و(64) من هذا القانون يجوز بأمر كتابي من صاحب العمل تشغيل العامل فترة إضافية إذا كان ذلك لازما لمنع وقوع حادث خطر أو لإصلاح ما نشأ عنه أو تفادي خسارة محققة أو مواجهة أعمال تزيد على القدر اليومي ، ولا يجوز أن تزيد ساعات العمل الإضافي على ساعتين في اليوم الواحد وبحد أقصى مئة وثمانون ساعة سنويا ، كما لا يجوز أن تزيد فترات العمل الإضافي على ثلاثة أيام اسبوعيا وتسعين يوما في السنة ، ولا يحول ذلك دون حق العامل في إثبات تكليف صاحب العمل له بالعمل الإضافي فترة إضافية بكافة طرق الإثبات أو بحق العامل الحصول على أجر عن

فترة العمل الإضافي يزيد على أجره العادي في الفترة المماثلة بمقدار 25في المئة ويراعى في هذا الأجر ما تقضي به المادة (56) من هذا القانون . وعلى صاحب العمل أن يمسك سجلا خاصا للعمل الإضافي يبين فيه تواريخ الأيام وعدد الساعات الإضافية والأجور المقابلة للعمل الإضافي الذي كلف به العامل .

مادة (67)

للعامل الحق في راحة اسبوعية مدفوعة الأجر وتحدد بأربع وعشرين ساعة متصلة عقب كل ستة أيام عمل ويجوز لصاحب العمل عند الضرورة تشغيل العامل يوم راحته الاسبوعية إذا اقتضت ظروف العمل ذلك ، ويتقاضى العامل 50 في المئة على الأقل من أجره إضافة لأجره الأصلي ويعوض يوم راحته بيوم راحة آخر .

ولا يخل حكم الفقرة السابقة في حساب حق العامل بما فيها أجره اليومي وإجازته حيث يجري حساب هذا الحق بقسمة راتبه على عدد أيام العمل الفعلية دون أن تحسب من ضمنها أيام راحته الأسبوعية ، على الرغم من كون أيام الراحة هذه مدفوعة الأجر .

مادة (68)

الإجازات الرسمية المقررة للعامل بأجر كامل هي :

أ – يوم رأس السنة الهجرية      يوم واحد .
ب – يوم الإسراء والمعراج      يوم واحد .
ج – عيد الفطر السعيد      ثلاثة أيام .
د – وقفة عيد الأضحى المبار      يوم واحد .

15

اكتسبها العامل خلال فترة عمله بالأجر الشهري .

## مادة (59)

أ - لا يجوز استقطاع أكثر من ( 10 في المئة ) من أجر العامل وفاء لديون أو قروض مستحقة لصاحب العمل ولا يتقاضى الأخير عنها أية فائدة .

ب - لا يجوز الحجز على الأجر المستحق للعامل أو النزول عنه أو الخصم منه إلا في حدود ( 25 في المئة ) من الأجر وذلك لدين النفقة أو لدين المأكل أو الملبس أو الديون الأخرى بما في ذلك دين صاحب العمل وعند التزاحم يقدم دين النفقة على الديون الأخرى .

## مادة (60)

لا يجوز إلزام العامل بشراء أغذية أو سلع من محال معينة أو مما ينتجه صاحب العمل .

## مادة (61)

يلزم صاحب العمل بدفع أجور عماله خلال فترة الإغلاق إذا تعمد غلق المنشأة لإجبار العمال على الرضوخ والإذعان لمطالبه ، كما يلتزم بدفع أجور عماله طوال فترة تعطيل المنشأة كلياً أو جزئياً لأي سبب آخر لا دخل للعمال فيه ، طالما رغب صاحب العمل في استمرار عملهم لديه .

## مادة (62)

يراعى في حساب مستحقات العامل آخر أجر تقاضاه فإذا كان العامل ممن يتقاضون أجورهم بالقطعة تحدد أجره بمتوسط ما تقاضاه

---

خلال أيام العمل الفعلية في الأشهر الثلاثة الأخيرة . ويكون تقدير المزايا النقدية والعينية بتقسيم متوسط ما تقاضاه العامل منها خلال الاثني عشر شهراً الأخيرة على الاستحقاق فإذا قلت مدة خدمته عن سنة حسب المتوسط على نسبة ما أمضاه منها في الخدمة ولا يجوز تخفيض أجر العامل خلال مدة عمله لأي سبب من الأسباب .

## مادة (63)

يجب على الوزير أن يصدر قراراً كل خمس سنوات كحد أقصى يحدد فيه الحد الأدنى للأجور وفقاً لطبيعة المهن والصناعات ، مستهديا في ذلك بنسب التضخم التي تشهدها البلاد ، وذلك بعد التشاور مع اللجنة الاستشارية لشؤون العمل والمنظمات المختصة .

## الفصل الثاني
## ساعات العمل والراحة الأسبوعية

## مادة (64)

مع عدم الإخلال بأحكام المادة (21) من هذا القانون لا يجوز تشغيل العامل أكثر من ثماني وأربعين ساعة اسبوعيا أو ثماني ساعات يوميا إلا في الحالات المنصوص عليها في هذا القانون ، وتكون ساعات العمل في شهر رمضان المبارك ستا وثلاثين ساعة اسبوعيا .

ويجوز إنقاص ساعات العمل في الأعمال المرهقة أو المضرة بالصحة أو لظروف قاسية وذلك بقرار يصدر من الوزير .

14

مادة (54)

يحق للعامل الذي انتهى عقد عمله أن يحصل من صاحب العمل على شهادة نهاية الخدمة تتضمن بيانا بمدة خدمته وعمله وآخر أجر تقاضاه ولا يجوز أن تتضمن هذه الشهادة أي عبارات قد تسيء إلى العامل أو تصدر في شكل يقلل من فرص العمل أمامه صراحة أو دلالة ويلتزم صاحب العمل بأن يرد للعامل ما يكون قد أودعه لديه من مستندات أو شهادات أو أدوات .

الباب الرابع
في نظام وظروف العمل
الفصل الأول : في الأجر
مادة (55)

يقصد بالأجر ما يتقاضاه العامل من أجر أساسي أو ينبغي له أن يتقاضاه لقاء عمله وبسببه مضافا إليه كافة العناصر المنصوص عليها في العقد أو لوائح صاحب العمل .

ودون الاخلال بالعلاوة الاجتماعية وعلاوة الأولاد المقررتين وفقا للقانون رقم 19 لسنة 2000 المشار إليه يدخل في حساب الأجر ما يتقاضاه العامل بصفة دورية من علاوات أو مكافآت أو بدلات أو منح أو هبات أو مزايا نقدية .

وإذا حدد أجر العامل بمقدار حصة من صافي الأرباح ولم تحقق المنشأة ربحا أو حققت ربحا ضئيلا جدا بحيث لا تتناسب حصة العامل مع العمل الذي قام به يجب

---

تقدير أجره على أساس أجر المثل أو وفقا لعرف المهنة أو لمقتضيات العدالة .

مادة (56)

تؤدى الأجور في أحد أيام العمل بالعملة المتداولة مع مراعاة ما يلي :

أ – العمال المعينون بأجر شهري تؤدى أجورهم مرة على الأقل كل شهر .

ب – العمال الآخرون تؤدى أجورهم مرة على الأقل كل اسبوعين .

ولا يجوز تأخير دفع الأجور عن اليوم السابع من تاريخ الاستحقاق .

المادة (57)

يتعين على صاحب العمل الذي يستخدم عماله وفقا لأحكام هذا القانون ، أن يدفع مستحقات العاملين لديه في حساباتهم لدى المؤسسات المالية المحلية وأن ترسل صورة من الكشوف المرسلة لتلك المؤسسات بهذا الشأن إلى وزارة الشؤون الاجتماعية والعمل ، ويصدر قرار من مجلس الوزراء بناء على عرض وزيري الشؤون الاجتماعية والعمل والمالية بتحديد تلك الجهات وقواعد المعاملة الخاصة بهذه الحسابات من حيث المصروفات والعمولات والاجراءات التنظيمية في هذا الشأن .

مادة (58)

لا يجوز لصاحب العمل أن ينقل عاملا بالأجر الشهري إلى فئة أخرى بغير موافقته الكتابية على ذلك دون الإخلال بالحقوق التي

13

مكافأة نهاية الخدمة المستحقة للعامل قيمة ما
قد يكون عليه من ديون أو قروض .

ويراعى في ذلك أحكام قانون التأمينات
الاجتماعية على ان يلتزم صاحب العمل بدفع
صافي الفرق بين المبالغ التي تحملها نظير
اشتراك العامل في التأمينات الاجتماعية
والمبالغ المستحقة عن مكافأة نهاية الخدمة .

### مادة (52)

مع مراعاة أحكام المادة (45) من هذا
القانون يستحق العامل مكافأة نهاية الخدمة
المنصوص عليها في المادة السابقة كاملة في
الأحوال التالية :

أ – إذا انتهى العقد من جانب صاحب العمل .

ب – إذا انتهت مدة العقد المحدد المدة دون أن
يتم تجديده .

ج – إذا انتهى العقد طبقاً لأحكام المواد (48 ،
49 ، 50) من هذا القانون .

د – إذا أنهت العاملة العقد من جانبها بسبب
زواجها خلال سنة من تاريخ الزواج .

### مادة (53)

يستحق العامل نصف مكافأة نهاية الخدمة
المنصوص عليها في المادة (51) إذا قام بإنهاء
العقد غير محدد المدة من جانبه ، وكانت مدة
خدمته لا تقل عن ثلاث سنوات ولم تبلغ
خمس سنوات فإذا بلغت مدة خدمته خمس
سنوات ولم تبلغ عشر سنوات استحق ثلثي
المكافأة ، وإذا بلغت مدة خدمته عشر سنوات
يستحق المكافأة كاملة .

### مادة (50)

ينتهي عقد العمل في الاحوال التالية :

أ – صدور حكم نهائي بإشهار إفلاس
صاحب العمل .

ب – إغلاق المنشأة نهائيا .

أما في حالة بيع المنشأة او ادماجها في غيره
او انتقالها بالميراث او الهبة او غير ذلك من
التصرفات القانونية ، فإن عقد العمل يسري
في مواجهة الخلف بالشروط ذاتها الواردة فيه ،
وتنتقل التزامات وحقوق صاحب العمل
السابق تجاه العمال الى صاحب العمل الذي
حل محله .

### مادة (51)

يستحق العامل مكافأة نهاية الخدمة على
الوجه الآتي :

أ – اجر عشرة ايام عن كل سنة خدمة من
السنوات الخمس الاولى وخمسة عشر يوما
عن كل سنة من السنوات التالية بحيث لا تزيد
المكافأة على اجر سنة وذلك للعمال الذين
يتقاضون أجورهم باليومية او بالاسبوع او
بالساعة او بالقطعة .

ب – اجر خمسة عشر يوما عن كل سنة
من السنوات الخمس الاولى وأجر شهر عن
كل سنة من السنوات التالية بحيث لا تزيد
المكافأة في مجموعها عن اجر سنة ونصف
وذلك للعمال الذين يتقاضون اجورهم
بالشهر .

ويستحق العامل مكافأة عن كسور السنة
بنسبة ما قضاه منها في العمل وتستقطع من

12

اثناء الاسبوع وذلك للبحث عن عمل آخر مع استحقاقه لأجره عن يوم او ساعات الغياب .

ويكون للعامل تحديد يوم الغياب وساعاته بشرط ان يخطر صاحب العمل بذلك في اليوم السابق للغياب على الاقل .

د – لصاحب العمل ان يعفي العامل عن العمل اثناء مهلة الإخطار مع احتساب مدة خدمة العامل مستمرة الى حين انتهاء تلك المهلة ، مع ما يترتب على ذلك من آثار خصوصا استحقاق العامل اجره عن مهلة الإخطار .

## مادة (45)

لا يجوز لصاحب العمل استعمال حق انهاء العقد المخول له بمقتضى المادة السابقة اثناء تمتع العامل بإجازة من الاجازات المنصوص عليها في هذا القانون .

## مادة (46)

لا يجوز إنهاء خدمة العامل من دون مبرر او بسبب نشاطه النقابي او بسبب المطالبة او التمتع بحقوقه المشروعة وفقا لأحكام القانون ، كما لا يجوز انهاء خدمة العامل بسبب الجنس او الاصل او الدين .

## مادة (47)

اذا كان عقد العمل محدد المدة وقام احد طرفيه بإنهائه بغير حق التزم بتعويض الطرف الآخر عما أصابه من ضرر على ألا يجاوز مبلغ التعويض ما يساوي اجر العامل عن المدة

المتبقية من العقد ويراعى في تحديد الضرر بالنسبة الى طرفيه العرف الجاري وطبيعة العمل ومدة العقد وبوجه عام كافة الاعتبارات التي تؤثر في الضرر من حيث وجوده ومداه ، ويخصم من قيمة التعويض ما قد يكون مستحقا للطرف الآخر من ديون .

## مادة (48)

للعامل أن ينهي عقد العمل دون إخطار مع استحقاقه لمكافأة نهاية الخدمة في اي من الاحوال التالية :

أ – اذا لم يلتزم صاحب العمل بنصوص العقد او أحكام القانون .

ب – اذا وقع عليه اعتداء من صاحب العمل او من ينوب عنه او بتحريض من اي منهما .

ج – اذا كان استمراره في العمل يهدد سلامته او صحته بمقتضى قرار من لجنة التحكيم الطبي بوزارة الصحة .

د – اذا أدخل صاحب العمل او من ينوب عنه غشا او تدليسا وقت التعاقد في ما يتعلق بشروط العمل .

هـ – اذا اتهمه صاحب العمل بارتكاب فعل معاقب عليه جزائيا وحكم نهائيا ببراءته .

و – اذا ارتكب صاحب العمل او من ينوب عنه امرا مخلا بالآداب نحو العامل .

## مادة (49)

ينتهي عقد العمل بوفاة العامل او ثبوت عجزه عن تأدية عمله او بسبب مرض استنفد إجازته المرضية . وذلك بشهادة معتمدة من الجهات الطبية المختصة الرسمية .

١١

بالشرف او الامانة او الاخلاق .

2 - اذا ارتكب عملا مخلا بالآداب العامة
في مكان العمل .

3 - اذا وقع منه اعتداء على احد زملائه او
على صاحب العمل او من ينوب عنه
اثناء العمل او بسببه .

4 - اذا أخل او قصر في اي من الالتزامات
المفروضة عليه بنصوص العقد وأحكام
هذا القانون .

5 - اذا ثبت مخالفته المتكررة لتعليمات
صاحب العمل .

وفي هذه الحــالات لا يتـــرتب علــى
قرارالفصل حرمان العامل من مكافأة نهاية
الخدمة .

ج - للعامل المفصـول لإحـدى الحـالات
المذكورة في هذه المادة حق الطعن في قرار
الفصل امام الدائرة العمالية المختصة وذلك
وفقا للاجراءات المنصوص عليها في هذا
القانون واذا ثبت بموجب حكم نهائي ان
صـاحب العمل قـد تعسف في فصله
للعامل استحق الاخير مكافأة نهاية الخدمة
وتعويضـا عمـا لحـقه من اضرار مادية
وأدبية . .

وفي جميع الاحوال يجب ان يبلغ صاحب
العمل الوزارة بقرار الفصل وأسبابه وتتولى
الوزارة إبلاغ جهــاز إعـادة هيكلة القــوى
العاملة .

### مادة (42)

اذا انقطع العـامل عن العـمل دون عـذر

---

مقبـول لمدة سبعة ايام متصلة او عشرين يومـا
متفرقة خلال سنة جاز لصاحب العمل اعتباره
مستقيلا حكما وفي هذه الحالة تسري أحكام
المادة (53) من هذا القانون في شأن استحقاق
العامل لمكافأة نهاية الخدمة .

### مادة (43)

اذا حبس العامل بسبب اتهـام صـاحب
العمل له حبسا احتياطيا او تنفيذا لحكم قضائي
غير نهائي ، اعتبر موقوفـا عن العمل ولا يجوز
لصاحب العمل انهاء عقده إلا اذا أدين بحكم
نهائي .

واذا صدر حكم ببراءته من التهمة او التهم
التي أسندها اليـه صـاحب العمل التـزم هذا
الاخير بصرف اجره عن مـدة وقـفه ، مع
تعويضه تعويضا عادلا تقدره المحكمة .

### مادة (44)

اذا كان عقد العمل غير محدد المدة جاز
لكل من طرفيه إنهاؤه بعد إخطار الطرف الآخر
ويكون الإخطار على الوجه الآتي :

أ - قبل انهاء العقد بثلاثة اشهر على الاقل
بالنسبة للعمال المعينين بأجر شهري .

ب - قبل انهاء العقد بشهر على الاقل بالنسبة
للعمال الآخرين فإذا لم يراع الطرف الذي
انهى العقد مـدة الإخطار فإنه يلتـزم بأن
يدفع للطرف الآخـر بدل مـهلة الإخطار
مساويا لأجر العامل عن نفس المدة .

ج - اذا كـان الإخطار بالانهـاء من جـانب
صاحب العمل ، يحق للعامل ان يتغيب
يومـا كاملا في الاسبوع او ثماني ساعات

العمل بما يتفق وأحكام هذا القانون .

وعلى الوزارة عرض هذه اللوائح على المنظمة المختصة إن وجدت وإن لم توجد المنظمة المختصة يتم اللجوء للاتحاد العام لليبي ملاحظاته واقتراحاته على هذه اللوائح .

## مادة (37)

لا يجوز توقيع جزاء على العامل إلا بعد إبلاغه كتابة بما هو منسوب اليه وسماع أقواله وتحقيق دفاعه وإثبات ذلك في محضر يودع بملفه الخاص ويجب إبلاغ العامل كتابة بما وقع عليه من جزاءات ونوعها ومقدارها وأسباب توقيعها والعقوبة التي يتعرض لها في حالة العود .

## مادة (38)

لا يجوز تنفيذ الخصم من اجر العامل لمدة تجاوز خمسة ايام شهريا فإذا تجاوزت العقوبة ذلك يخصم القدر الزائد من اجر الشهر المقبل او الاشهر التالية .

## مادة (39)

يجوز وقف العامل لمصلحة التحقيق الذي يجريه صاحب العمل او من ينوب عنه لمدة لا تجاوز عشرة ايام فإذا انتهى التحقيق معه الى عدم مسؤوليته صرف له اجره عن مدة الوقف .

## مادة (40)

على صاحب العمل ان يضع حصيلة الخصم من اجور عماله في صندوق يخصص للصرف منه على النواحي الاجتماعية

والاقتصادية والثقافية التي تعود على العمال بالفائدة وتقييد الجزاءات بالخصم التي توقع على العامل في سجل خاص يبين فيه اسم العامل ومقدار الخصم وسبب توقيعه . وفي حالة تصفية المنشأة توزع حصيلة الخصم الموجودة في الصندوق على العمال الموجودين فيها وقت التصفية بنسبة مدة خدمة كل منهم . ويصدر الوزير قرارا بالضوابط المنظمة للصندوق المشار اليه وطريقة التوزيع .

## الفصل الثالث
## في انتهاء عقد العمل ومكافأة نهاية الخدمة

## مادة (41)

مع مراعاة أحكام المادة (37) من هذا القانون :

أ – لصاحب العمل ان يفصل العامل دون إخطار او تعويض او مكافأة اذا ارتكب العامل احد الافعال الآتية :

1 – اذا ارتكب العامل خطأ نتجت عنه خسارة جسيمة لصاحب العمل .

2 – اذا ثبت ان العامل قد حصل على العمل نتيجة غش او تدليس .

3 – اذا أفشى العامل الاسرار الخاصة بالمنشأة مما تسبب او كان من شأنه ان يتسبب بخسارة محققة لها .

ب – لصاحب العمل فصل العامل في إحدى الحالات الآتية :

1 – اذا حكم عليه نهائيا بجريمة ماسة

## الفصل الثاني
## في التزامات العامل
## وصاحب العمل والجزاءات التأديبية

### مادة (32)

تحدد فترة تجربة العامل في عقد العمل بشرط ألا تزيد على مائة يوم عمل ويكون لأي من طرفي العقد إنهاؤه خلال فترة التجربة دون إخطار ، فإذا كان الانهاء من جانب صاحب العمل التزم بدفع مكافأة نهاية الخدمة للعامل عن فترة عمله طبقاً لأحكام هذا القانون .

ولا يجوز استخدام العامل تحت التجربة لدى صاحب العمل أكثر من مرة ، ويصدر الوزير قراراً ينظم شروط وضوابط العمل اثناء الفترة التجريبية .

### مادة (33)

إذا عهد صاحب العمل الى آخر بتأدية عمل من أعماله أو جزء منها من الباطن وكان ذلك في ظروف عمل واحدة وجب على من عهد إليه بالعمل أن يسوي بين عماله وعمال صاحب العمل الأصلي في جميع الحقوق ويكون كل منهما متضامناً مع الآخر في ذلك .

### مادة (34)

يلتزم صاحب العمل المتعاقد لتنفيذ مشروع حكومي أو يقوم باستخدام عماله في المناطق البعيدة عن العمران بتوفير السكن المناسب للعمال وكذلك وسائل الانتقال للمناطق البعيدة عن العمران دون مقابل وفي حالة عدم

---

توفير السكن يمنح لهم بدل سكن مناسباً وتحدد بقرار من الوزير المناطق البعيدة عن العمران وشروط السكن المناسب وبدل السكن .

وفي جميع الأحوال الأخرى التي يلتزم فيها صاحب العمل بتوفير سكن لعماله . تسري عليه أحكام القرار المنصوص عليه في الفقرة السابقة في شأن شروط السكن المناسب وتحديد بدل السكن .

### مادة (35)

يجب على صاحب العمل أن يعلق في مكان ظاهر بمقر العمل لائحة الجزاءات التي يجوز توقيعها على العمال المخالفين ويراعى في إعداد لوائح الجزاءات ما يلي :

أ– أن تحدد المخالفات التي قد تقع من العمال ويحدد الجزاء لكل منها .

ب– أن تتضمن جزاءات متدرجة للمخالفات .

ج – ألا يوقع أكثر من جزاء واحد للمخالفة الواحدة .

د – ألا يعاقب العامل عن اي فعل ارتكبه ومر على تاريخ ثبوته خمسة عشر يوما .

هـ – ألا يوقع الجزاء على العامل لأمر ارتكبه خارج مكان العمل إلا اذا كان له علاقة بالعمل .

### مادة (36)

يجب على صاحب العمل ان يعتمد لائحة الجزاءات قبل تطبيقها من الوزارة . وللوزارة ان تعدل فيها طبقا لطبيعة نشاط المنشأة أو ظروف

مطلقاً لتعلقه بالنظام العام كل اتفاق سابق على سريان العقد أو لاحق لسريانه يخالف ذلك .

كما لا يجوز لصاحب العمل تكليف العامل القيام بعمل لا يتفق مع طبيعة العمل المبينة في العقد أو لا يتناسب مع مؤهلات وخبرات العامل التي تم التعاقد معه على أساسها .

## مادة (29)

تحرر جميع العقود باللغة العربية ويجوز اضافة ترجمة لها بإحدى اللغات الأخرى مع الاعتداد بالنص العربي عند وقوع أي خلاف ، ويسري حكم هذه المادة على كافة المراسلات والنشرات واللوائح والتعاميم التي يصدرها صاحب العمل لعماله .

## مادة (30)

إذا كان عقد العمل محدد المدة وجب ألا تزيد مدته على خمس سنوات ولا تقل عن سنة واحدة ويجوز تجديد العقد عند انتهاء مدته بموافقة الطرفين .

## مادة (31)

إذا كان عقد العمل محدد المدة واستمر الطرفان في تنفيذه بعد انقضاء مدته دون تجديد اعتبر مجدداً لمدد مماثلة وبالشروط الواردة فيه ما لم يتفق الطرفان على تجديده بشروط أخرى وفي كل الأحوال يجب ألا يمس التجديد مستحقات العامل المكتسبة التي نشأت عن العقد السابق .

العاملات بها على 50 عاملة أو يتجاوز عدد العاملين بها 200 عامل .

## مادة (26)

تستحق المرأة العاملة الأجر المماثل لأجر الرجل اذا كانت تقوم بنفس العمل .

## الباب الثالث
## عقد العمل الفردي
## الفصل الأول
## تكوين عقد العمل
## مادة (27)

يكون لمن بلغ سن الخامسة عشرة من العمر أهلية إبرام عقد العمل اذا كان غير محدد المدة فإن كانت مدته محددة فلا يجوز أن تجاوز السنة وذلك حتى يبلغ الثامنة عشر من العمر .

## مادة (28)

يجب أن يكون عقد العمل ثابتاً بالكتابة ويبين فيه على وجه الخصوص تاريخ إبرام العقد ، وتاريخ نفاذه ، وقيمة الأجر ، ومدة العقد اذا كان محدد المدة ، وطبيعة العمل ، ويحرر من ثلاث نسخ تعطى واحدة لكل من طرفيه وتودع النسخة الثالثة بالجهة المختصة بالوزارة فإن لم يكن عقد العمل ثابتاً في محرر اعتبر العقد قائماً ويجوز للعامل في هذه الحالة إثبات حقه بكافة طرق الاثبات .

وسواء كان عقد العمل محدد المدة أو غير محدد المدة لا يجوز تخفيض أجر العامل خلال فترة سريان العقد . ويعتبر باطلاً بطلاناً

7

ب- توقيع الكشف الطبي عليهم قبل إلحاقهم بالعمل بعد ذلك في فترات دورية لا تجاوز ستة أشهر . ويصدر الوزير قراراً بتحديد هذه الصناعات والمهن والاجراءات والمواعيد المنظمة للكشف الطبي الدوري .

### مادة (21)

الحد الأقصى لساعات العمل للأحداث ست ساعات يومياً بشرط عدم تشغيلهم أكثر من أربع ساعات متوالية تتلوها فترة راحة لا تقل عن ساعة .

ويحظر تشغيلهم ساعات عمل اضافية أو في ايام الراحة الاسبوعية وأيام العطل الرسمية أو من الساعة السابعة مساءً حتى الساعة السادسة صباحاً .

## الفصل الرابع
## في تشغيل النساء
### مادة (22)

لا يجوز تشغيل النساء ليلاً في الفترة ما بين العاشرة مساءً والسابعة صباحاً ، وتستثنى من ذلك المستشفيات والمصحات ودور العلاج الأهلية والمؤسسات الأخرى التي يصدر بها قرار من وزير الشؤون الاجتماعية والعمل ، على أن تلتزم جهة العمل في جميع الحالات المشار إليها في هذه المادة بتوفير متطلبات الأمن لهن مع توفير وسائل انتقالهن من جهة العمل وإليه .

كما تستثنى من أحكام هذه المادة ساعات العمل خلال شهر رمضان المبارك .

### مادة (23)

يحظر تشغيل المرأة في الأعمال الخطرة أو الشاقة أو الضارة صحياً ، كما يحظر تشغيلها في الأعمال الضارة بالأخلاق والتي تقوم على استغلال أنوثتها بما لا يتفق مع الآداب العامة ، وكذلك يحظر تشغيلها في الجهات التي تقدم خدماتها للرجال فقط .

ويصدر بتحديد تلك الأعمال والجهات قرار من وزير الشؤون الاجتماعية والعمل بعد التشاور مع اللجنة الاستشارية لشؤون العمل والمنظمة المختصة .

### مادة (24)

تستحق المرأة العاملة الحامل إجازة مدفوعة الأجر لا تحسب من اجازاتها الأخرى لمدة سبعين يوماً للوضع بشرط أن يتم الوضع خلالها .

ويجوز لصاحب العمل عقب انتهاء إجازة الوضع منح المرأة العاملة بناء على طلبها إجازة من دون أجر لا تزيد مدتها على أربعة أشهر لرعاية الطفولة .

ولا يجوز لصاحب العمل إنهاء خدمة العاملة اثناء تمتعها بتلك الإجازة او انقطاعها عن العمل بسبب مرض يثبت بشهادة طبية أنه نتيجة للحمل او الوضع .

### مادة (25)

يجب منح المرأة العاملة ساعتين للرضاعة اثناء العمل وفقاً للشروط والأوضاع التي يحددها قرار الوزارة ، ويجب على صاحب العمل إنشاء دور حضانة للأطفال اقل من 4 سنوات في مراكز العمل التي يزيد عدد

العقـد ، المهنة ، مدة تعلمهـا ومراحلهـا المتتابعة
والمكافأة بصورة متدرجة في كل مرحلة من
مراحل التعليم على ألاتقل في المرحلة الاخيرة
عن الحد الادنى المقرر لاجر العمل الماثل .
ولايجـوز بأي حـال من الاحـوال تحـديد
المكافأة على أساس الانتاج او القطعة .

## مادة (14)

لصاحب العمل ان ينهي عقد التلمذة اذا
أخل التلميـذ بواجبـاته المترتبة علـى العقـد او
ثبت من التقارير الدورية عنه عدم استعداده
للتعليم .

كمـا يجوز للتلميـذ انهـاء العقـد وعلى
الراغب في انهاء العقد إخطار الطرف الاخر
برغبته في ذلك قبل سبعة ايام على الاقل .

## مادة (15)

يقصد بالتدريب المهني الوسائل والبرامج
النظرية والعمليـة التي تهيـيء للعمال فرصة
تطوير معلومـاتهم ومهـاراتهم وكسب مـران
عملي لصقل قدراتهم ورفع كفاءتهم الانتاجية
وإعدادهم لمهنة معينة او تحويلهم لمهنة اخرى
ويتم التدريب في معاهد او مراكز او منشآت
تحقق هذا الغرض .

## مادة (16)

يحدد الوزير بالتعاون والتنسيق مع الجهات
الاكاديمية والمهنية المختصة الشروط والاوضاع
اللازم توافرهـا لعقـد برامـج التـدريب المهني
والحدود المقررة لمدة التدريب والبرامج النظرية
والعملية ونظام الاختبارات والشهـادات التي
تعطى في هذا الشأن والبيانات التي تدون فيها .

---

ويجوز ان يتضمن هذا القرار إلزام منشأة او
أكثر بأن تقوم بتدريب العمـال في مراكز او
معاهد منشأة اخرى اذا لم يكن للمنشأة الاولى
مركز او معهد تدريب .

## مادة (17)

تلتزم المنشأة الخاضعة لأحكام هذا الباب
بأن تؤدي الى العـامل أجـره كـاملاً عـن فتـرة
تدريبه سواء داخل المنشأة أو خارجها .

## مادة (18)

يلتزم التلميذ المهني والعامل المتدرب بأن
يعمل بعد انتهاء مدة تعليمه أو تدريبه لدى
صـاحب العـمل لمدة مماثلة لمدة التلمـذة أو
التدريب ويحد أقصى خمس سنوات . فإذا
أخل بهـذا الالتـزام كـان لصاحب العمـل أن
يسترد منه المصروفات التي تحملها في سبيل
تعليمـه أو تدريبه بنسبـة مـا تبقى من المدة
الواجب قضاؤها في العمل .

## الفصل الثالث
## في تشغيل الأحداث

## مادة (19)

يحظر تشغيـل من يقل سنهم عن خمس
عشرة سنة ميلادية .

## مادة (20)

يجوز بإذن من الوزارة تشغيل الأحداث ممن
بلغوا الخامسة عشرة ولم يبلغوا الثامنة عشرة
بالشروط التالية :

أ– أن يكون تشغيلهم في غير الصناعات
والمهن الخطرة أو المضرة بالصحة التي يصدر
بها قرار من الوزير .

5

## مادة (٩)

تنشأ هيئة عامة ذات شخصية اعتبارية وميزانية مستقلة تسمى الهيئة العامة للقوى العاملة يشرف عليها وزير الشؤون الاجتماعية والعمل وتتولى الاختصاصات المقررة للوزارة في هذا القانون وكذلك استقدام واستخدام العمالة الوافدة بناء على طلبات اصحاب العمل ويصدر بتنظيمها قانون خلال سنة من تاريخ العمل بهذا القانون .

## مادة (١٠)

يحظر على صاحب العمل تشغيل عمالة اجنبية ما لم تأذن لهم الجهة المختصة بالعمل لديه ويصــدر الوزير قــرارا بالاجــراءات والمستندات والرسوم التي يتعين استيفاؤها من صاحب العمل ، وفي حالة الرفض يجب ان يكون قرار الرفض مسببا .

ولا يجـوز ان يكون سبب الرفض مقـدار رأس المال والا كان القرار باطلا بطلانا مطلقا وكأن لم يكن .

ولا يجوز لصاحب العمل ان يستقدم عمالا من خارج البـلاد او ان يستخدم عمـالا من داخل البلاد ثم يعمد الى عدم تسليمهم العمل لديه او يثبت عـدم حاجتـه الفعليـة لهم ، ويتكفل صاحب العمل بمصاريف عـودة العـامل إلى بلده ، وفي حالة انقطاع العـامل عن العمل والتحاقه بالعمل لدى الغير يتكفل الاخير بمصاريف عودة العامل الى بلده ، بعد تقـديم بلاغ تغيب بحق العـامل من الكفيل الاصلي .

## مادة (١١)

يحظر على الوزارة والجهـة المختصة ان تمارس اي تميـيز او تفـضيل في المعاملة بين اصحـاب العمل في منح اذونات العـمل او التحويل وذلك بمنحها لبعضهم وإيقافها للبعض الآخر تحت اي ذريعة او مبرر ، ويجوز للوزارة لأسبــاب تنظيميـة ان توقف إصدار اذونات العمل والتحويل لمدة لا تزيد على اسبوعين في السنة ، على انه لا يجوز استثناء بعض اصحاب الاعمال من هذا الايقاف دون غيرهم خلال هذه المدة . ويعتبر باطلا بطلانا مطلقا وكأن لم يكن كل تصرف يجري على خلاف هذه المادة .

## الفصل الثاني
## في التلمذة والتدريب المهني

## مادة (١٢)

يعتبر تلميذا مهنيا كل شخص أتم الخامسة عشرة من عمره يتعاقد مع المنشأة بقصد تعلم مهنة خلال مـدة محـددة وفقـا للشروط والقواعد التي يتفق عليها وفيما لم يرد فيه نص خـاص في هذا الباب تسري على عقد التلمـذة المهنيـة الأحكام الخـاصة بتـشغيل الاحداث الواردة في هذا القانون .

## مادة (١٣)

يجب ان يكون عقد التلمذة المهنية مكتوبا ومحـررا من ثلاث نسخ ، واحـدة لكل من طرفيه وتوضع الثالثة بالجهة المختصة بالوزارة خلال اسبوع للتصديق عليها ويحـدد في

4

## مادة (2)

تسري أحكام هذا القانون على العاملين في القطاع الاهلي .

## مادة (3)

تسري أحكام هذا القانون على عقد العمل البحري فيما لم يرد بشأنه نص في قانون التجارة البحرية او يكون النص في هذا القانون أكثر فائدة للعامل .

## مادة (4)

تسري أحكام هذا القانون على القطاع النفطي فيما لم يرد بشأنه نص في قانون العمل في قطاع الاعمال النفطية او يكون النص في هذا القانون أكثر فائدة للعامل .

## مادة (5)

يستثنى من تطبيق أحكام هذا القانون :

– العمال الذين تسري عليهم قوانين اخرى وفي ما نصت عليه هذه القوانين .

– العمالة المنزلية ويصدر الوزير المختص بشؤونهم قرارا بالقواعد التي تنظم العلاقة بينهم وبين اصحاب العمل .

## مادة (6)

مع عدم الاخلال بأي مزايا او حقوق افضل تتقرر للعمال في عقود العمل الفردية او الجماعية او النظم الخاصة او اللوائح المعمول بها لدى صاحب العمل او حسب عرف المهنة او العرف العام ، تمثل أحكام هذا القانون الحد الادنى لحقوق العمال .

---

## الباب الثاني

### في الاستخدام والتلمذة والتدريب المهني

### الفصل الأول : في الاستخدام

## مادة (7)

يصدر الوزير القرارات المنظمة لشروط استخدام العمالة في القطاع الاهلي وعلى وجه الخصوص مايلي :

1 – شروط انتقال الايدي العاملة من صاحب عمل الى آخر .

2 – شروط الاذن بالعمل بعض الوقت للعمالة من صاحب عمل لدى صاحب عمل آخر .

3 – البيانات التي يتعين على أصحاب الاعمال ان يخطروا بها الوزارة والتي تتعلق بموظفي الدولة المرخص لهم بالعمل لدى اصحاب الاعمال في غير أوقات العمل الحكومي .

4 – الوظائف والمهن والاعمال التي لا يجوز شغلها إلا بعد اجتياز الاختبارات المهنية وفقا للضوابط التي تضعها الوزارة بالتنسيق مع الجهات المعنية .

## مادة (8)

على كل صاحب عمل أن يقوم بإخطار الجهة المختصة باحتياجاته من العمالة وعليه ان يخطر الجهة المختصة سنويا بعدد العمالة الذين يعملون لديه وذلك على النماذج المعدة لذلك ووفقا للضوابط والشروط التي يصدر بها قرار من الوزير .

3

# قانون رقم 6 لسنة 2010
## في شأن العمل في القطاع الأهلي

– بعد الاطلاع على الدستور ،

– وعلى قانون الجزاء الصادر بالقانون رقم 16 لسنة 1960 والقوانين المعدلة له ،

– وعلى القانون رقم 38 لسنة 1964 في شأن العمل في القطاع الاهلي والقوانين المعدلة له ،

– وعلى القانون رقم 28 لسنة 1969 في شأن العمل في قطاع الاعمال النفطية ،

– وعلى قانون التأمينات الاجتماعية الصادر بالأمر الاميري بالقانون رقم 61 لسنة 1976 والقوانين المعدلة له ،

– وعلى المرسوم بالقانون رقم 28 لسنة 1980 بإصدار قانون التجارة البحرية والقوانين المعدلة له ،

– وعلى المرسوم بالقانون رقم 38 لسنة 1980 بإصدار قانون المرافعات المدنية والتجارية والقوانين المعدلة له ،

– وعلى المرسوم بالقانون رقم 67 لسنة 1980 بإصدار القانون المدني المعدل بالقانون رقم 15 لسنة 1996 ،

– وعلى المرسوم بالقانون رقم 64 لسنة 1987 بإنشاء دائرة عمالية بالمحكمة الكلية ،

– وعلى المرسوم بالقانون رقم 23 لسنة 1990 بشأن قانون تنظيم القضاء والقوانين المعدلة له ،

– وعلى القانون رقم 56 لسنة 1996 في شأن

إصدار قانون الصناعة ،

– وعلى القانون رقم 1 لسنة 1999 في شأن التأمين الصحي على الاجانب وفرض رسوم مقابل الخدمات الصحية ،

– وعلى القانون رقم 19 لسنة 2000 بشأن دعم العمالة الوطنية وتشجيعها للعمل في الجهات غير الحكومية والقوانين المعدلة له ،

وافق مجلس الامة على القانون الآتي نصه ، وقد صدقنا عليه وأصدرناه :

## الباب الأول
## أحكام عامة
## مادة (1)

في تطبيق أحكام هذا القانون يقصد باصطلاح :

1 – الوزارة : وزارة الشؤون الاجتماعية والعمل .

2 – الوزير : وزير الشؤون الاجتماعية والعمل .

3 – العامل : كل ذكر أو أنثى يؤدي عملا يدويا أو ذهنيا لمصلحة صاحب العمل وتحت ادارته وإشرافه مقابل اجر .

4 – صاحب العمل : كل شخص طبيعي او اعتباري يستخدم عمالا مقابل اجر .

5 – المنظمة : تنظيم يجمع مجموعة من العمال او اصحاب الاعمال تتشابه أو ترتبط اعمالهم او مهنهم او وظائفهم ويرعى مصالحهم ، ويدافع عن حقوقهم وتمثيلهم في كافة الامور المتعلقة بشؤونهم .

صدر القانون رقم 6 لسنة 2010م

في شأن العمل في القطاع الأهلي

في الجريدة الرسمية (الكويت اليوم)

العدد (963) بتاريخ 21 فبراير 2010م

I